THOMAS HOLLAND, Respondent, *vs.* THOMAS ADAIR AND M. W. JOHNSON, Appellants.

1. *Ejectment—Chain of title—Common scource—Prima facie case.*—When both parties to a suit in ejectment claim title through a common source, plaintiff will make a *prima facie* case without tracing his title further.
2. *Sheriff's sale—Purchase at by plaintiff in execution—Irregularities in judgment, etc.*—Plaintiff in an execution issued on an irregular judgment, who purchases at the sheriff's sale, will hold the title, subject to divestiture by an after reversal of the judgment.
3. *Attachment—Notice by publication—Failure of to name amount of damages—Judgment—Title of purchaser how affected, etc.*—The omission in a notice by publication, issued in an attachment, to state the amount of damages claimed, does not render the subsequent proceedings and judgment void, so that the title of a purchaser at special execution sale made thereunder may be attacked collaterally.
4. *Attachment—Publication—Amended petition—Sum originally prayed for—Judgment for, proper, when.*—Defendant in an attachment was brought in by publication, and a subsequent amended petition asked for judgment in excess of that originally prayed for, but the judgment was given for the amount originally claimed. The judgment was held proper within the meaning of the statute. (Wagn. Stat., 1054 § 12; Janney vs. Spedden, 38 Mo., 395.)

*Appeal from Hickory Circuit Court.*

*J. S. Phelps & C. B. McAfee,* for Appellants.

I. The effect of a sale under an irregular judgment, whether made to a party plaintiff or some third person, is the same, and the validity of such judgment cannot be attacked in a collateral proceeding. (See Groner vs. Smith, 49 Mo., 318.)

*F. P. Wright & W. P. Johnson,* for Respondent.

I. The law is well settled, that where both parties claim under the same third person it is *prima facie* sufficient to prove the derivation of title from him without proving his title; defendants do not claim title paramount to Henry W. Holland, but claim his and only his title. (2 Greenl. Ev., 3, 307; Hightower vs. Williams, 38 Ga., 567; Brown vs. Brown, 45 Mo., 414.)

II. The judgment in the Pettis Circuit Court under which defendants claim is null and void. It was rendered on the amended petition which did away with the original petition

under which the publication was made, and was entirely different and claimed a vastly greater sum. (See Janney vs. Spedden, 38 Mo., 395.)

III. The judgment is also void for want of a sufficient notice. The publication was made in 1864 under the statute of 1855, page 246, § 23, "which requires the order of publication to be made stating the nature and amount of the plaintiff's demand or damages claimed, and the publication does not state any amount whatever. Though the levy of the attachment may give the court jurisdiction over the property attached for certain purposes, yet the court could not condemn the land for sale without notice to the person, as a judgment rendered against a person without notice is entirely void. (Durossett's Admr. vs. Hall, 38 Mo., 246 ; Smith vs. Ross, 7 Mo., 463.)

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment, brought in the Hickory Circuit Court on the 5th day of February, 1870, by respondent against the appellants, to recover certain lands in the petition described. The petition was in the usual form. The defendants in their answer simply denied the allegations of the petition. The cause was tried by the court, a jury having been waived by the parties. It was admitted on the hearing that the defendants were in possession of the lands sued for. At the trial the plaintiff read in evidence a deed dated the 17th of April, 1866, from Henry W. Holland, to himself, for the lands in controversy. He then read in evidence a patent from the United States, conveying a part of the lands sued for to Henry W. Holland, and also other deeds to other parts of the land, by which he attempted to derive title from the United States to Henry W. Holland ; but in this he failed as to a small part of the land. It was also shown by the evidence of the plaintiff, that there was a small improvement with a log house on part of the land, and that several years since, Henry W. Holland was residing on the land, and that the monthly rents were worth from two to three dollars. The defendants on their part read in evidence a deed from John

W. Quigg, as sheriff of Hickory county, to defendant John-son, for the land in controversy. This deed recites that on the 22nd day of July 1864, a writ of attachment was issued from the Hickory Circuit Court in favor of Edward B. Tor-bert, William D. Murphy, Joseph W. McClurg and Marshall W. Johnson, against Henry W. Holland and Alexander Fos-ter; which writ was delivered to the sheriff of said county and by him, on the 3rd day of August, 1864, levied on all the right, title, interest and estate of the said Henry W. Holland in or to the land in controversy; that on the 31st day of July a judgment was rendered in the Circuit Court of Pettis county, in favor of said Edward B. Torbert, William Murphy, Joseph W. McClurg and Marshall W. Johnson, against the said Henry W. Holland, Alexander Foster, William F. Hicks and Benjamin H. Massey for the sum of thirty thousand dol-lars and costs, and said lands ordered to be sold to satisfy the same; that on the 22nd day of January, 1868, a special exe-cution was issued on said judgment by the clerk of the Petti- Circuit Court, against the said Henry W. Holland, Alexander Foster, William F. Hicks and Benjamin H. Massey in favor of said plaintiffs; that said execution was delivered to the sher-iff of Hickory county, who proceeded to levy and sell the land in controversy, in other respects substantially in confor-mity with the statutes; and that the lands were purchased at said sale by defendant Johnson, and were conveyed to him by said sheriff, &c., in the usual way. This deed was all of the evidence offered by the defendants.

The plaintiffs then, to destroy the efficacy of the deed read by defendants, offered and read in evidence the entire tran-script of the proceedings, and judgment, and execution in the cause commenced in the Hickory Circuit court, of Torbert vs. Charles A. Pippin, Benjamin H. Massey, Alexander Foster, Henry W. Holland and a number of other persons. The transcript being admitted by the defendants to be a tran-script of the same cause and judgment upon which the spec-ial execution was issued, under which defendant Johnson pur-chased the land in controversy from the sheriff. From this

transcript it appears that the plaintiffs filed in the office of the clerk of the Hickory Circuit Court, on the 21st day of July, 1864, a petition in which they charge that the defendants wrongfully and wilfully,without leave, at the county of Camdem, took and carried away a large amount of goods of plaintiff's, consisting of boots, shoes, hats, blankets and other dry goods and groceries named in the petition (an account of which was filed,) of the value of thirty thousand dollars, for which judgment was prayed. An affidavit was filed with the petition for an attachment setting forth that the value of the goods was thirty thousand dollars, and that defendants Holland and Foster had so abandoned or absented themselves from their usual places of abode, that the usual process of the law could not be served on them. The affidavit and bond for attachment were in the usual form. On the 22nd of July, 1864, an attachment was issued in the cause against the property of Holland and Foster or so much as would satisfy the sum of thirty thousand dollars. The writ contained a clause of summons against the other defendants. It is shown by the return on the attachment, that defendants Holland and Foster were not found, but that the land in controversy was attached as the property of Henry W. Holland; a number of the other defendants were personally served or summoned, and afterwards appeared and filed their answers to the petition. At the September term for 1864 of the Hickory Circuit Court, an order of publication was made against defendants, Holland and Foster. In this order it is stated that defendants Holland and Foster, cannot be summoned. It is therefore ordered that a publication be made notifying them "that an action has been commenced against them by petition and attachment in the Circuit Court of Hickory county, founded on an account for damages, for an unlawful taking and detention of goods and merchandize; that their property has been attached, and that unless they be, and appear, &c., judgment will be rendered against them and their property sold to satisfy the same." It was further ordered, that the publication be made in the State *Times* at Jefferson City.

At the September term of the Hickory Circuit Court for the year 1865, part of the defendants who had appeared and answered, filed a motion praying the court to change the venue in the case to some other county for reasons stated. This motion was sustained and the cause sent for trial to Pettis county. After the cause was transferred to Pettis county at the November term of the Pettis Circuit Court, in the year 1865 the plaintiff Murphy, having before this time died, the remaining plaintiffs as surviving partners obtained leave to file an amended petition in vacation, and the cause was continued. The amended petition was filed on the 6th day of June, 1866, by which it was charged "that defendants during the months of August, September and October, in the year 1861, at Linn Creek, Camden county, Missouri, unlawfully without leave, wrongfully, willfully and maliciously took and carried away, and converted to their own use from the store and premises of the plaintiffs at said county of Camden, goods, wares and merchandize belonging to, and in the possession of, the plaintiffs, of the value of one hundred and thirty-five thousand dollars," (the items of all which were filed with the petition). The petition further charges, "that the injury complained of was willfully and maliciously done by defendants ; by reason of which, plaintiffs are entitled to exemplary damages." Judgment was prayed for two hundred thousand dollars. With this amended petition was filed a sworn bill of particulars amounting to one hundred and thirty-five thousand dollars. The only notice ever given of. the filing of this amended petition in vacation, was, that a copy of the petition with the notice following was fastened to the door of the office of the clerk of the Pettis Circuit Court on the 13th day of December, 1866 :

"To Benjamin H. Massey and Henry W. Holland: You are hereby notified that an amended petition, of which the above is a copy, has been filed in the above named cause."

After this notice, and after the suit had been dismissed as to all of the defendants who had been served with a summons, and had appeared, on the 31st day of July 1867, the

cause being called for trial, proof of publication was made as to the defendants Holland and Foster, and a judgment by default was taken as to them and judgment by default was taken as to defendants Hicks and Massey; the court proceeded to assess the damages and after having heard the evidence assessed the damages at the sum of thirty thousand dollars, and rendered a judgment against defendants for said amount with costs. It was further ordered that a special execution issue against the land attached as the property of said Holland, and now in controversy, and that a general execution issue against the defendants, Foster, Hicks and Massey.

It also appears from the evidence, that defendant Foster died on the 4th day of July, 1863; that defendant Massey died during the pendency of the suit.

This being all of the material evidence in the cause, the court at the request of the plaintiff declared the law as follows:

1st. As both pltff. and defendant claim title from and through Henry W. Holland, it was sufficient for plaintiff to show a derivative title from him, without proving his title further back.

2nd. The deed read in evidence by plaintiff from Henry W. Holland and wife, dated the 17th day of April, 1866, was sufficient to convey to plaintiff all the estate of Henry W. Holland at the time, only subject to the attachment lien of plaintiff in the cause of Joseph W. McClurg, Edward B. Torbert and Marshall W. Johnson, vs. Charles A. Pippin, Benjamin H. Massey, Henry W. Holland and others, if any such lien then existed, and such attachment lien would be of no avail to defeat plaintiff's title, unless the same has ripened into a valid judgment against said Henry W. Holland.

3rd. The said Marshall W. Johnson, one of the defendants in this cause, being the grantee in the deed, read in evidence by defendants to rebut plaintiff's title and being one of the plaintiffs in the attachment suit upon which defendants found their said deed, and a party to said record, does not stand in the position of an innocent purchaser, but being privy to, and cognizant of any irregularities in the proceedings, holds his deed subject to such irregularities if any exist.

4th. The publication in the case notifying the said Henry W. Holland and Alexander Foster, "that an action has been commenced against them by petition and attachment in the Circuit Court of Hickory county, founded on an account for damages, for unlawful taking and detention of goods and merchandize, and that their property has been attached," is not a sufficient compliance with the statute requiring a publication to be made stating the nature and amount of plaintiff's demand or damages claimed; and judgment rendered on such constructive notice alone against the said Henry W. Holland after his sale of said land to Thomas Holland, and a subsequent sale of said lands under a special execution issued thereon, and a deed by the sheriff to said Marshall W. Johnson, a party to said judgment, would not be sufficient to defeat plaintiff's title so acquired from said Henry W. Holland and wife.

5th. The judgment in the Pettis Circuit Court was rendered on the amended petition there filed, and not on the original petition filed in said cause in this court; and the said publication was not sufficient to notify the said Henry W. Holland of the nature and amount of said amended petition, or the nature or amount thereof, although the same may have been posted up in the clerk's office. And the said Marshall W. Johnson did not by a purchase of the land under said judgment, and an execution issued thereon, acquire such title or interest in said lands as will defeat plaintiff's title acquired by his deed from Henry W. Holland and wife.

The defendants objected to these declarations of law and their objections being overruled they excepted. The court then refused the following declarations of law asked for by the defendants and they again excepted. 1st. "That the plaintiff in this suit can recover only on the strength of his title and has shown by the evidence he has introduced that the title to the North-east quarter of the South-east quarter of section ten was in one, Henderson." 2nd. "That the title to the south-west quarter of section fifteen was in Owens; and that

the title to the north-east quarter of the south-east quarter of section sixteen, was in the State for the benefit of schools, and that he has shown no legal title to said lands in Henry W. Holland, plaintiff's grantee, nor in plaintiff." 3rd. "That though the judgment of Torbert & Co. against Henry W. Holland, may be irregular and voidable, yet said judgment is not void." 4th. " That the effect of the deed of the sheriff of Hickory county, to Marshall W. Johnson, is to transfer to the said Johnson, all the right, title and interest in and to the lands named therein which the plaintiff has shown, H. W. Holland, his grantor, had at the date of the levy of the attachment named in said deed." 5th. " That the effect of a sale of land under an irregular but not void judgment, is the same whether made to a party plaintiff in whose favor such judgment was rendered, or to some third person." There were other declarations of law given by the court on the part of the defendant, which need not be repeated here.

Judgment was rendered by the court in favor of the plaintiff for the possession of the lands with nominal damages. A motion was filed by the defendants for a new trial, which being overruled, defendants again excepted and bring the case here to be reviewed.

Both parties claim title to the land in controversy through Henry W. Holland. The plaintiff, by deed directly from Holland and wife, and the defendants by virtue of a sheriff's deed which is founded upon an atttachment, judgment and an execution, under which the land was sold by the sheriff of Hickory county, to defendant Johnson; the levy of the attachment being prior in date to plaintiff's deed. In such case it was only requisite for the plaintiff in order to make a *prima facie* case, to deduce his title from Henry W. Holland the common scource of title. And it makes no difference that he has unnecessarily attempted to prove the title to have existed in the one, who is the common source of title, and failed so to do. The defendant necessarily admits the title of the one under whom he claims, the only question being, whether the plaintiff or defendant have the better title derived from the

one under whom they both claim. (Brown vs. Brown, 45 Mo., 412 ; Fowler vs. Wise, 49 Mo. 350.) It follows, that the first declaration of law made by the court at the request of the plaintiff was properly made, and the first declaration of law asked by the defendant, properly refused.

It is insisted by the defendant that the court erred in its third declaration of law given at the request of the plaintiff. By that declaration of law, the court declares the law to be, that Marshall W. Johnson having become the purchaser of the land in controversy under an execution in which he was one of the plaintiffs, is not to be considered an innocent purchaser, but holds his deed from the sheriff subject to any irregularities which may exist in the judgment or proceedings under which the execution issued and the sale took place. In one sense this instruction may be correct, but as applicable to the case under consideration it is not. If a plaintiff in an execution issued on an irregular judgment becomes the purchaser at sheriff's sale, made under the execution, he will hold the property subject to have his title defeated by an after reversal of the judgment. When the judgment is reversed his title ceases, and he must restore the property still remaining in his hands ; but the title is good until the judgment is reversed. If the property however is purchased by a stranger, the title of the stranger will remain good in a general way, even after the judgment shall be reversed. (Gott vs. Powell, 41 Mo., 416, and cases there cited.) It is not pretended that the judgment under which Johnson purchased has ever been reversed, so that it will be seen that the declaration of law was erroneous as applicable to this case.

It is next objected by the defendants that the court erred in making its fourth declaration of law on the part of the plaintiff. By that declaration of law it is asserted that if the publication made in the attachment suit against Henry W. Holland and others, omitted to state the amount of damages claimed, although the notice was regular in every other respect, and had been regularly published, a judgment rendered under such constructive notice and a subsequent sale of the

land under a special execution issued thereon, to defendant Johnson, and sheriff's deed thereunder, would not be sufficient to vest the title in Johnson, against a purchaser from the defendant in the attachment subsequent to the levy of the attachment. There was no question made in this case as to the regularity of the commencement of the suit against Henry W. Holland, *et al.* The petition was regularly filed, the affidavit for the attachment was regular and sufficient, the writ of attachment was sufficient and regularly issued, the levy on the land is unquestioned and publication regularly ordered by the court, and regularly published; but the simple question growing out of the declaration of law under consideration, is, whether the omission in the publication to state the amount of the damages claimed, would render the after proceedings and judgment of a court so void that a sale under a special execution issued on said judgment would confer no title, and could be attacked in a collateral proceeding and be held void. That this defect in the notice is an irregularity, is admitted, but the court having acquired jurisdiction of the cause, and of the property attached, and having in its judgment found that publication had been duly made, the judgment is not void and cannot be attacked in a collateral proceeding. It follows that the said declaration of law was erroneously made. The question involved in the declaration of law last referred to, has been fully discussed and decided in several recent decisions made by this court, and need not be further discussed here. (Hardin vs. Lee. 51 Mo., 241; Freeman vs. Thompson, 53 Mo., 183 ; Kane vs. McCown, *et al.* decided at the present term of this court.)

It appears from the record in this case, that after the publication had been made in the case of McClurg and others against Henry W. Holland, *et al.*, the plaintiffs in that suit filed an amended petition, in which they declared for the taking of the same goods named in the original petition, but stated the value of the goods to be much greater than was stated in the original petition, and also stated that the goods were forcibly and maliciously taken ; wherefore the plaintiffs claimed

vindictive damages, and prayed judgment, not for the sum of thirty thousand dollars, as was claimed in the original petition, but for the sum of over two hundred thousand dollars. It is claimed by the plaintiff in this action, that the judgment was rendered on this amended petition of which the defendants had no notice, and that it is therefore void; and that the sheriff's sale and deed made under and by virtue of a special execution issued upon the judgment, conferred no title on Thompson, who was one of the plaintiffs in said judgment. The fifth declaration of law made by the court is to that effect. In the case of Janney vs. Spedden, 38 Mo., 395, a suit was brought to enforce a vendor's lien on certain land named in the petition, and to subject the land to the payment of the demand named in the petition. One of the defendants being a non-resident, publication was made as to such defendant, after which a personal judgment was taken against said defendant without any reference to the property proceeded against in the original petition. This personal judgment was held to be void. This decision was evidently correct. The mere dismissal of the petition as to the land could give the court no jurisdiction in that case to render a personal judgment. Our statute provides that in cases where notice is given by publication "the damages or other relief shall not be other or greater than that which he shall have demanded in the petition as originally filed and served on the defendant." The judgment in this case seems to have been rendered with reference to the provisions of the statute. The original petition claimed damages in the sum of thirty thousand dollars. The judgment was rendered for that exact amount and was not different, or other than that demanded in the original petition. There were several other points made in this case, but they all refer to mere irregularities in the proceedings, which cannot be inquired into in a collateral way, and need not be further noticed here.

The judgment is reversed and the cause remanded. Judge Sherwood did not sit. The other judges concur.