Johnson v. Gage.

W. P. JOHNSON, Respondent, *vs.* AARON GAGE, Appellant.

1. *Attachment—Order of publication—Variance—What not material—When order may be published.*—The fact that the published order in an attachment suit purported to have been made by the order of the clerk instead of that of the court as stated in the original order, will not vitiate a sale of land under it in a collateral proceeding. And a publication ordered by the clerk in vacation after the lapse of two terms from the date of process, and without any new affidavit would be good. (Kane vs. McCown, 55 Mo., 181.) ·

2. *Attachment—Order of publication—Filing papers—Presumption as to.*—The issuance of an order of publication raises the presumption that the petition and other papers in the case had been filed theretofore, without any indorsement thereon of the date of filing.

3. *Attachment—Jurisdiction—Publication.*—Where in an attachment suit the required affidavit and bond have been filed, and an attachment regularly issued, and land seized and levied on by virtue of the attachment, the court thereby acquires jurisdiction of the case as to the property attached, and a judgment rendered in such cause against the property attached will not be void, although no sufficient publication has been made. (Freeman vs. Thompson, 53 Mo., 183; Holland vs. Adair, 55 Mo., 40.)

### *Appeal from Polk Circuit Court.*

*Baker & Ellis*, for Appellant.

*W. P. Johnson*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment brought in the Polk Circuit Court, to recover the possession of lands in Polk county, in the petition described. The petition was in the usual form. The answer was a denial of the facts stated in the petition. Both parties claim to derive their title from T. D. Hall and John B. Wells.

The trial was had before the court, no jury being required by the parties.

The plaintiff read in evidence, without objection, a deed executed by Thomas D. Hall and John B. Wells, dated June 10th, 1870, purporting to convey the land in controversy to the plaintiff, and it is not disputed that the deed is sufficient for the purpose, provided said Hall and Wells were the owners of the land at the time the deed was executed. The plaintiff also offered evidence as to the value of the rents and profits, etc.

The defendant on his part offered in evidence; first, a deed from one John Caldwell, as sheriff of Polk county, dated September 28th, 1865, purporting to convey the interest of Thomas D. Hall in the land in controversy, to one James Baker. The deed recited that on the 22d day of May 1863, a writ of attachment was issued by the clerk of the Circuit Court of Polk county, in favor of Daniel Molder and against Thomas D. Hall, which was delivered to the sheriff of Polk County, and by virtue of which said sheriff, on the 25th day of May, 1863, seized and levied upon the land in controversy. Said cause was proceeded in to judgment and execution against said lands, and a sale thereof to said Baker on the 28th day of September, 1865. The deed concludes by conveying the land to said Baker, in proper form. There is no objection made as to the sufficiency of the form of said deed.

The defendant then read in evidence another deed from the sheriff of Polk county, to said James Baker, purporting to convey the lands in controversy to said Baker. This last deed recited that on the 21st day of January, 1864, a writ of attachment was issued by the clerk of the Polk Co. Circuit Court in favor of James P. Beck, executor of the estate of Preston Beck and against Thomas D. Hall and John B. Wells, which was delivered to said sheriff, and by him on the 5th day of March, 1864, levied on all of the right, title and interest of said defendants in the land in controversy. The suit in which the attachment was issued, was prosecuted to a judgment, and the land ordered to be sold to pay the judgment. A special execution was issued on said judgment and the land sold in due form of law, and conveyed to said Baker.

The defendant then read in evidence a deed from said Baker, purporting to convey the land to defendant. These deeds were all unobjectionable in form, and it is not insisted that they were insufficient to convey the land in controversy to the defendant, provided the judgments upon which the executions were issued, were valid judgments and sufficient to uphold the executions issued thereon, so as to confer title

11—VOL. LVII.

by the sales and sheriffs' deeds thereunder.   This was all of the evidence offered or given by the defendant.

The plaintiff, to show the invalidity of the judgments under which the land was sold to Baker, offered and read in evidence the entire record and proceedings in the cases of Molder against Thomas D. Hall, and the case of Beck against Thomas D. Hall, and John B. Wells; after which the evidence was closed.

At the request of the plaintiff the court then, among other declarations of law made, declared it to be as follows:

1st.  "The judgment read in evidence in favor of James Beck, executor of the estate of Preston Beck, deceased, against Thomas D. Hall, was rendered without notice actual or constructive, and is void, and the sale made under said judgment and said execution by the sheriff, conveyed no title to James Baker."

2nd.  "The judgment read in evidence in favor of Daniel Molder and against T. D. Hall and John Wells, having been rendered without notice, is void, and the sale made and deed executed under the same by the sheriff conveyed no title to James Baker."

The defendant objected to these declarations of law, but his objections were overruled, and he at the time excepted.

Judgment was then rendered in favor of the plaintiff; after which the defendant filed a motion for a new trial, which being overruled by the court, he excepted and appealed to this court.

It will be seen from the declaration of law above set forth, that the whole case was made to turn, so far as the defendant's title is concerned, on the want of notice to the defendants in the judgments and executions under which the land was sold to Baker. For it is not questioned that the deed of Baker to the defendant conveyed to defendant whatever title he had, or that it was prior in time to the deed from Hall and Wells to plaintiff.

It is not seriously questioned in this court, but that a proper affidavit was filed in each of the cases referred to, to author-

ize an attachment to issue, or that the attachments were regularly issued and levied on the land in question. But it is insisted that no sufficient publication or service was made on or against the defendants in either of the cases, to authorize the court to render a judgment therein, and that, therefore, the judgments and all of the subsequent proceedings thereunder are wholly void, and that the sheriffs' deeds to Baker therefor vested no title whatever in him to the land in controversy.

In the case of Molder vs. Hall, at the next term of the Polk Circuit Court, after the commencement of the suit and the issuance of the attachment, which was holden in October 1863, it appearing to the court that no service had been had on the defendant, the court made an order requiring publication to be made in proper form. It seems that no publication was made under this order.

At the next term of court, holden in the month of April, 1864, no publication having been made under the former order of the court, a second order of publication was made by the court, notifying the defendant to appear and plead at the next term of the court, to be commenced on the 4th Monday in September, 1864. This order of publication was in due form and in compliance with the statute.

It appears from the record, that after the adjournment of the court, a copy of this last order was published in proper time, except that there was a variance between the publication made and the one ordered by the court, in the fact, that the order of publication actually published and proved, purported in the commencement to have been made by the clerk of the court in place of by the court. In all other particulars it conformed to the order made by the court.

It is objected by the plaintiff, that inasmuch as there had been two terms of the court after the service of the attachment, the clerk had no jurisdiction to make an order of publication, and that the publication of said order was a mere nullity and the judgment rendered in the case therefore void.

I think that the publication made in this case was sufficient. The publication was substantially as ordered by the court; the fact that it purported, as published, to have been made by the order of the clerk, would at most, only be an irregularity which could not be taken advantage of in a collateral proceeding. And it has been held by this court, that a publication ordered by the clerk in vacation, after two terms of the court and no new affidavit filed, would be good. This exact question was discussed and decided by this court at the last January term, in the case of Kane vs. McCown, (55 Mo., 181) to which reference is made for the law on that subject.

It is claimed by the plaintiff that it appears from the record of the proceedings had in the case of Beck, Ex'r, vs. Hall and Wells, that the court had no jurisdiction to render the special judgment against the property attached, and that the judgment in that case is also void, and could not afford any foundation for an execution or sheriff's deed thereon. The first objection made to the proceedings in that case is, that it does not appear from the transcript of the case that the petition and other papers in the case were filed with the clerk before the issuance of the attachment, and that the clerk had not indorsed his approval of the attachment bond on the bond. These objections are extremely technical. It may be true that the record does not show the date of the filing of the petition, but it is not to be presumed that the clerk would or could issue an attachment in a case in which the amount claimed by the petition and affidavits are recited when no such papers were filed before him. And then these papers all appear in the transcript in their regular order, and there is no reason to presume that they were not filed with the clerk, although they may not appear to have been marked as filed on the papers by him and the fact that his approval is not indorsed on the attachment bond, would only amount to an irregularity which would not render the proceedings wholly void.

It is next insisted by the plaintiff that the judgment is void because there was no sufficient publication made of the pendency of the suit before the rendition of the judgment. It is shown by the record that what purported to be an order of publication made by the court, had been duly published and proved, there being no objection to either the form or proof of the order of publication ; but there is nothing in the record to show that the court in fact ever made any such order of publication as that which was published, and which purports to have been made by the court.

It is hardly necessary to discuss in this case the effect of such an omission in the record of this order. The effect of a number of late decisions of this court is, that where in an attachment suit, the required affidavit and bond have been filed, and an attachment regularly issued, and land seized and levied on by virtue of the attachment, the court thereby acquires jurisdiction of the case as to the property attached, and that a judgment rendered in such cause against the property attached will not be void, although no sufficient publication is made ; that the omission to prove publication is only an irregularity in the proceedings in a case of which the court already has jurisdiction, so far as the attached property is concerned, and that although a judgment rendered in such case might be set aside for irregularity in a direct proceeding for that purpose, yet the judgment would not be held absolutely void in a collateral proceeding.

This question has been so fully discussed in recent cases decided in this court, that it is deemed unnecessary to do more in this case than to refer to those cases and the authorities therein cited. (Freeman vs. Thompson, 53 Mo., 183 ; Kane vs. McC)wn, 55 Mo., 181 ; Holland vs. Adair, 55 Mo., 40.)

The case of Bray vs. McClurg, (55 Mo., 128) only holds that there must be, in such cases, such an affidavit as is required by the statute, in order to authorize the issue of the attachment and give the court jurisdiction of the case or over the property attached, and is not in conflict with the view taken in the other cases.

It follows that the declarations of law given by the court as hereinbefore set forth, were improper.

The judgment is therefore reversed, and the cause remanded. Judge Adams concurs in the result; the other judges concur.