## BRAY v. MARSHALL, *Appellant.*

1. **Attorney**: IRREGULARITY IN JUDICIAL PROCEEDINGS NOT COLLATERALLY QUESTIONABLE. The mere fact that the purchaser at an execution sale was the plaintiff's attorney affords no reason for allowing a person denying the validity of the sale, to take advantage collaterally of irregularities in the proceeding out of which the execution grew.

2. **Attachment**: ORDER OF PUBLICATION. Where the affidavit for attachment contains a statement of all the facts necessary to entitle the plaintiff to an order of publication, no further affidavit is required to authorize such order.

3. **Sheriff's Deed.** Failure of the sheriff to make return of a sale under execution, as required by law, does not affect the validity of his deed.

4. ———. A certificate of acknowledgment to a sheriff's deed; *Held*, sufficient.

5. **Estoppel**: PLEADING. Facts relied upon as an estoppel *in pais* must be specially pleaded; otherwise evidence of them cannot be received.

6. **Instruction**: RENTS AND PROFITS. An instruction in relation to the mode of estimating rents and profits; *Held*, not objectionable.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

| 75 | 327 |
| 45a | 628 |
| 75 | 327 |
| 113 | 568 |
| 75 | 327 |
| 121 | 60 |
| 75 | 327 |
| 127 | 239 |
| 75 | 327 |
| 138 | 573 |
| 75 | 327 |
| 81a | 311 |
| 75 | 327 |
| 158 | 361 |
| 159 | 595 |
| 75 | 327 |
| 175 | 5275 |

The certificate of acknowledgment to the sheriff's deed was as follows: I, B. Appleby, clerk of the circuit court in and for Dade county, do hereby certify that on the 2nd of November, 1866, Samuel E. Shaw, sheriff of Dade county, appeared in open court at the October term, 1866, and acknowledged the execution of the foregoing deed, which was duly entered of record in book 4, on page 221.

Witness, B. APPLEBY, Clerk, Etc.

The instruction complained of, directed that " In estimating the value of the rents and profits, the jury will find what number of acres were in cultivation for each year, and how much rents for each year per acre were worth, and the aggregate sums for the several years will be the measure of damages which the plaintiff is entitled to recover."

*DeArmond & Thurman* for appellant.

The certificate of acknowledgment is defective in not stating before whom the acknowledgment was made, nor that the person making it was personally known to the court to be the sheriff and person who executed the conveyance, nor that the sheriff personally appeared. The instruction in relation to estimating rents and profits trenched upon the right and duty of the jury to ascertain the damages from the evidence in their own way.

*J. C. Cravens* for respondent.

HOUGH, J.—This is an action of ejectment. The plaintiff recovered judgment in the court below, and the defendant has appealed.

The petition is in the ordinary form. The answer admits that the defendant is in possession, and denies the other allegations of the petition. Both parties claim title under one Michael Keeney. The plaintiff claims under a sheriff's deed to himself, dated October 30th, 1866, founded

upon a proceeding by attachment against said Keeney. The defendant claims title under a deed to himself and one Hardin, executed by said Keeney on the 14th day of September, 1867, and a subsequent conveyance from said Hardin to himself. Both Hardin and the defendant had actual notice of the sheriff's deed to plaintiff when they purchased from Keeney.

Several irregularities appear in the record of the proceedings by attachment, but none which render the judg-

1. ATTORNEY: irregularity in judicial proceedings not collaterally questionable.

ment void, and none which present questions of sufficient gravity to merit any extended discussion.. Indeed from the statement of counsel they seem to be referred to chiefly because the attorney who conducted the proceeding by attachment, was the purchaser at the execution sale. But that circumstance is of no consequence in the present proceeding. Nor would it be otherwise if the plaintiff in the attachment suit had himself become the purchaser. *Holland v. Adair*, 55 Mo. 40.

Counsel for the defendant err in their statement that the order of publication was made without any affidavit

2. ATTACHMENT: order of publication.

authorizing it. The affidavit filed for the purpose of obtaining the writ of attachment itself contained a statement of all the facts necessary to entitle the plaintiff to an order of publication. It is only where the affidavit for the attachment is based upon grounds other than those which will entitle the plaintiff to an order of publication, that an additional affidavit, setting forth grounds for an order of publication, becomes essential under the 23rd section of the attachment act. R. S. 1855.

Nor could the failure of the sheriff to make return of the sale affect the validity of his deed, or the title of the

3. SHERIFF'S DEED.

plaintiff thereunder.

The certificate of the acknowledgment by the sheriff, though not as full as it might have been, implies all that

4. ———.              the law requires and is in substantial compliance therewith, and we, therefore, hold that the sheriff's deed, read in evidence, conferred upon the plaintiff a good title.

No error was committed by the court in refusing to consider the facts offered by the defendant for the purpose of establishing an estoppel *in pais.* No such defense was pleaded, and even if the testimony offered were sufficient for that purpose, which we do not decide, it was properly excluded from the consideration of the court and jury.

5. ESTOPPEL: pleading.

We perceive no error in the instruction of the court in regard to the mode of estimating the rents and profits. The judgment of the circuit court will be affirmed. All concur, except SHERWOOD, C. J., who, having been of counsel, did not sit.

6. INSTRUCTION: rents and profits.