J. T. Simmons, Respondent, v. The Missouri Pacific Railroad Company, Garnishee, Appellant.

St. Louis Court of Appeals, November 24, 1885.

1. Garnishment—Attachment—Jurisdiction.—A garnishee in attachment may defend on the ground that the levy is void for want of jurisdiction.

2. ——— Allowance. — A garnishee who admits his possession of money, but who resists payment on jurisdictional grounds which are found to be untenable, is not entitled to an allowance.

3. ——— Publication.—Jurisdiction in a proceeding by original attachment is not defeated by an irregularity in the subsequent publication.

4. Attachment Bonds—Banks—Agency.—An attachment bond which purports to have been executed by a bank through its cashier, the bank having no power to execute the same, is not therefore void upon its face, because the cashier by assuming to enter into an obligation, on behalf of an incapable principal binds himself personally.

5. Garnishment—Practice.—A garnishee can not, on appeal, for the first time assign as error the trial court's failure to order him to pay the funds in his hands into court before rendering final judgment against him.

6. ——— Damages — Vexatious Appeals.—A garnishee who resists the payment of money in his hands on jurisdictional grounds, which are found to be without merit on two successive appeals, should be adjudged to pay damages for a vexatious appeal.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Affirmed with ten per cent. damages.*

HENRY G. HERBEL, for the appellant: This case having originated in a justice's court, his jurisdiction must affirmatively appear by his record. *Matson v. R. R. Co.*, 80 Mo. 229; *Keane v. Bartholow*, 4 Mo. App. 510; *Bersch v. Schneider*, 27 Mo. 101. As defendant, Lavelle, was not personally served with process, and as jurisdiction of his person could only be acquired by constructive notice, a strict compliance with every requirement of the statute must be observed in order to divest his interest in the property herein sought to be judicially alienated. Drake on Attachments, sects. 692, 693; *Quigley v. Bank*, 80 Mo. 297; *Eppstein v. Salorgne*, 6 Mo. App. 354; *Schell v. Leland*, 45 Mo. 289. And the garnishee must, for its own protection, see that jurisdiction of the defendant has been properly acquired by the court. *McCloon v. Beattie*, 46 Mo. 392; Drake on Attachments, sect. 695. The signing of an attachment bond, as surety, is not an act within the scope of a bank cashier's ordinary duties and he can not thereby bind the bank. *West St. Louis Savings Bank v. Shawnee Bank*, 95 U. S. 557 (XXIV. [Law Ed.] 490); *Walker v. St. Louis National Bank*, 5 Mo. App. 214.

McINTIRE & LOEVY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The plaintiff brought suit before a justice of the peace against Charles Lavelle, by attachment, and caused the attachment to be levied by garnishment, upon the goods and chattels, rights, and credits of the defendant, in the hands of the Missouri Pacific Railway Company, and summoned the latter as garnishee. The proceedings before the justice resulted in a judgment in favor of the plaintiff against the defendant, and also against the garnishee, from which the garnishee appealed to the circuit court. On trial in the circuit court *de novo*, judgment was again rendered against the garnishee, and it has appealed to this court.

I. The garnishee resists the proceeding upon the ground, among others, that the justice had no jurisdiction to award the attachment. This is a question which the garnishee is entitled to raise, and which in an appropriate case, he is bound to raise for his own protection. A judgment against the defendant in an attachment proceeding, which is void for want of jurisdiction, will not sustain a judgment against the garnishee such as will protect him against a subsequent action for the money brought by the defendant in the attachment. The garnishee, therefore, has the right to complain of a judgment against him rendered in a proceeding by attachment wherein the court had no jurisdiction, and to seek its reversal, although he may stand indifferent between the parties. *McCloon v. Beattie*, 46 Mo. 391.

One of the grounds upon which the garnishee rests his objection to the jurisdiction of the justice of the peace is that the bond given for the attachment was a nullity. The bond on its face purports to be executed by the Laclede Bank by its cashier as surety, and is signed and sealed by the latter with the addition of the word " cash," meaning cashier. It does not appear whether the Laclede Bank is a corporation or a voluntary association, or what it is. If it is a corporation, organized under our laws relating to banking corporations, it has no power to become surety for the accommodation of a third party in a bond given in a judicial proceeding. But it does not appear from this that the bond is void on its face, because it is a rule of law that one who assumes to enter into an obligation on behalf of an incapable principal binds himself personally. *Fay v. Richmond*, 18 Mo. App. 355. For aught that appears, then, the Laclede Bank may be an incorporated bank, as most of our banking institutions are, and if so, the bond may be good as the individual bond of the cashier.

II. This brings us to the next objection to the jurisdiction, which is that publication was not made in conformity with law. This is not a good objection to the jurisdiction when made by a garnishee. The objection

of the garnishee to the jurisdiction of the court in the principal proceeding stands on the same footing as the objection of any third person, questioning the validity of the proceeding in a collateral way. If the question were before us in a direct proceeding, that is, on an appeal or writ of error prosecuted by the defendant in the attachment suit, we might be obliged to hold that the defective publication, if such it should be found to be, would be ground for reversing the judgment. But it is settled by several decisions of our supreme court, that jurisdiction in attachment proceedings is acquired by the levy of an attachment regularly issued, and is not ousted by the fact that the subsequent publication was not regularly made.  *Freeman v. Thompson*, 53 Mo. 183 ; *Kane v. McCown*, 55 Mo. 181 ; *Holland v. Adair*, 55 Mo. 40 ; *Johnson v. Gage*, 57 Mo. 160.

In the last of these cases the doctrine is thus stated by Vories, J. : "The effect of a number of late decisions of this court is, that where, in an attachment suit, the required affidavit and bond have been filed, and an attachment regularly issued, and land seized and levied on by virtue of the attachment, the court thereby acquires jurisdiction of the case as to the property attached, and that a judgment rendered in such cause against the property attached will not be void, although no sufficient publication is made ; that the omission to prove publication is only an irregularity in the proceedings in a case of which the court already has jurisdiction, so far as the attached property is concerned, and that, although a judgment rendered in such case might be set aside for irregularity in a direct proceeding for that purpose, yet the judgment would not be held absolutely void in a collateral proceeding." *Johnson v. Gage*, 57 Mo. 165.

III.   The next objection is that the court erred in rendering judgment against the garnishee without first making an order requiring the garnishee to pay the funds in its hands to the sheriff or to the clerk of the court. As this matter was not brought to the attention of the trial

court, either in the motion for new trial or in the motion for an arrest of judgment, it can not be considered.

IV. The last objection is that the court erred in overruling the garnishee's motion for an allowance. Our statute contemplates that the garnishee shall be entitled to costs in two cases : 1. Where the garnishee admits an indebtedness and his answer is not excepted to or denied. Rev. Stat., sect. 2537. 2. Where the plaintiff in the attachment fails to recover a judgment against him. Rev. Stat., sect. 2538. The former of these sections evidently contemplates a case where the garnishee, admitting an indebtedness, submits his rights to the court. In such a case he can exonerate himself from further expense or trouble by paying the money or surrendering the property to the constable, as provided in Revised Statutes, sections 2550, 2551. The garnishee might have done so in this case. The latter of the above provisions, that in section 2538, contemplates a case where a contest arises between the plaintiff and the garnishee. In such a case the plaintiff must fail in order to entitle the garnishee to an allowance. This view is further supported by the language of the succeeding section, which provides that "in all cases between the plaintiff and garnishee the parties may be adjudged to pay or recover costs, as in ordinary cases between plaintiff and defendant." The statute never intended that where, as in this case, the garnishee answers, admitting an indebtedness, and makes an unsuccessful contest before the justice, and then appeals to the circuit court, and renews the same contest there, and is again unsuccessful, he shall be entitled to an allowance.

We are asked to give damages for a vexatious appeal. While a garnishee is entitled, as already stated, to raise jurisdictional questions for his own protection; yet, in the eye of the law, his duty is clearly one of indifference between the contending parties. But where, as here, admitting his indebtedness, he nevertheless enters into a contest with the plaintiff, and appeals from court to court, upon grounds which have been adjudged untenable, thus

harassing the plaintiff and delaying him in his recovery, he ought, if unsuccessful, to pay damages for a vexatious appeal.

The judgment will be affirmed with ten per cent. damages. It is so ordered. All the judges concur.