JOSEPH MELTON, Respondent, v. KANSAS CITY, FT. SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, February 4, 1890.**

1. **Garnishment**: PAYMENT OF FUND INTO COURT. A garnishee of an attachment defendant, summoned to appear before a justice of the peace, is released from the claims of such defendant, if he pays to the constable the amount due from him to such defendant in conformity with Revised Statutes, 1879, section 2551.

2. ———: ———. Payment of the fund for this purpose, if made by the garnishee to the justice, and by the justice to the constable, is a compliance with the statutory requirement for payment to the constable.

3. ———: ———: MISAPPLICATION OF FUND. The exoneration or release of the garnishee from such claims is not affected by the subsequent misapplication of the fund by the constable.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED.

*Wallace Pratt* and *Olden & Green*, for the appellant.

It was held in case of *Simmons v. Railroad*, 19 Mo. App. 542, that, "a garnishee can exonerate himself from further expense or trouble by paying the money or surrendering the property to the constable as provided in Revised Statutes, sections 2550 and 2551." The court will see by examining these two sections that the garnishee may discharge himself either before or after judgment, by paying the amount to the constable, etc. The order of the justice, upon which the money was paid by the garnishee, was in the form of a receipt for the money due Melton, and a discharge of the company as garnishee, and, while it is not the receipt of the constable, still it is proven and not even denied, that said amount was paid by the court to the constable. As to whether the constable failed to pay the money to the proper party is a question with which the garnishee has nothing to do. The constable is, as heretofore said, a bonded officer, and if he paid the money to an improper party, or misappropriated it, he is liable upon his bond to the party aggrieved. R. S., secs. 647 and 657.

*Evans, Miley & Tribble*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

In this case an action was brought before a justice of the peace to recover of the defendant the sum of twenty dollars and ninety-five cents, claimed to be due the plaintiff for services rendered the defendant. That the plaintiff rendered the services for which this amount was due is not contested; but the defense is that, prior to the bringing of this action, an attachment suit had been prosecuted against the plaintiff by E. P. and T. P.

Forsythe, in which this defendant had been summoned as garnishee, and in which this defendant as garnishee had paid into court the amount owing to the plaintiff, less the amount awarded for its expenses in answering as garnishee.

On the trial in the circuit court the defendant, to substantiate this defense, proved without controversy that, in the garnishment proceeding upon a written demand of the justice before whom the attachment suit was prosecuted, the defendant paid to the *justice* the amount due by the defendant to the plaintiff, less two dollars, allowed by the justice for the expenses of the defendant in answering as garnishee; that the justice thereupon turned the money over to the constable; that the constable paid it to Forsythe, one of the plaintiffs in the attachment suit; and that the plaintiff in the present suit (defendant in that) thereafter brought an action on the attachment bond given in that suit, which action was pending at the date of the trial of this cause. The plaintiff put in evidence the docket entries of the justice which showed that, instead of rendering a judgment in favor of the plaintiff in the attachment suit, that suit had been dismissed, and the justice had ordered the railroad company, this defendant, to "deliver the amounts in their hands, due said defendant, to said defendant,"—that is, to Melton, plaintiff in the present action; and that this judgment had been appealed from. To render this comedy still worse, the justice was put upon the stand, and was allowed to contradict the entries thus made on his docket, to assert that he had never rendered judgment as therein shown; that the entries, as shown on his docket were made by one Tribble, and that he (the justice) must have signed them without reading them over, trusting to Mr. Tribble.

This confusing and irrelevant testimony shows that the justice was not qualified for the duties of his office, but does not show that the railroad company ought for

that reason to be compelled to pay the debt twice. The garnishee is entitled in a proceeding before a justice of peace to exonerate himself from further expense and trouble, under the provisions of section 2551, Revised Statutes, 1879, by paying the money or surrendering the property to the constable, as there provided. *Simmons v. Railroad*, 19 Mo. App. 546. In this case, the fact that the money was not in form paid to the constable, but was paid to the justice, who turned it over to the constable, does not take the case out of the statute, or deprive the defendant of its benefit. For the purposes of justice, the justice of the peace might well be considered to have been made by the defendant its agent to receive the money and turn it over to the constable, who is made by the statute the custodian of it. Having been summoned as garnishee before a judicial tribunal appointed by the laws of the state, and having apparent jurisdiction of the attachment proceeding, and having, in compliance with a written demand of the justice of that court, delivered the money to him, by whom it was delivered to the constable, we know of no principle on which the defendant could be charged with the responsibility for its proper application. One, dealing with a trustee in good faith, is not bound to see, at his peril, to the proper application of the money which he pays to the trustee (*Mason v. Bank*, 16 Mo. App. 275; Revised Statutes, 1879, section 3937), and, for reasons equally strong, a garnishee who pays money into court, on the order of such court, is not to be compelled to pay the money over again, because the court receiving the money may have made a misapplication of it. Aside from this, the statute (section 2551) provides that, by paying the money to the constable, the garnishee may "discharge himself."

In requiring the railroad company to pay the money over again, the circuit court therefore erred. The judgment will accordingly be reversed. All the judges concur.