W. B. GODMAN, Respondent, v. WELLINGTON GORDON AND W. L. VICTOR, Executors, Garnishees, etc., Appellants.

Kansas City Court of Appeals, April 1, 1895.

1. **Justices' Courts**: ATTACHMENT: AFFIDAVIT: AGENT. An affidavit for an attachment in a justice's court, though somewhat irregular in form, was *held* good, since section 587, Revised Statutes, 1889, does not require that the affidavit for an attachment should recite that the affiant is the agent or attorney of the defendant as is required by section 526.

2. **Attachment**: PUBLICATION: GARNISHMENT: JURISDICTION. An objection of a garnishee to the jurisdiction in the original attachment proceeding stands on the same footing as the objection of a third person questioning its validity collaterally. In attachment, jurisdiction is acquired by the levy of the writ and is not ousted by the subsequent irregularity of the publication.

3. **Garnishment**: ACTION. A garnishment is not a suit but a mode of sequestering credits to the satisfaction of a judgment.

4. ———: JURISDICTION: EXECUTOR. An executor is liable to be summoned as a garnishee after the making of an order of distribution.

5. ———: SERVICE OF SUMMONS. A return reciting that the officer executed the writ by summoning the garnishees and declaring that he attached in their hands money, etc., of the defendant, is sufficient.

6. ———: SERVICE OF PROCESS: AMENDED RETURN. If an amended return, when made, shows that the officer took the steps required to confer jurisdiction before the judgment against the garnishee was rendered, it is sufficient, though not made until after the cause was taken to the circuit court by appeal.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Webster Gordon* for appellant.

(1) The motion in arrest of judgment should have been sustained, for the reason that the justice had no

jurisdiction either of the person of the defendant, Jack Victor, or of either of the garnishees or of the subject-matter of the action and the circuit court obtained none by appeal. *Devore v. Staeckler*, 49 Mo. App. 547; *Whitehead v. Cole et al.*, 49 Mo. App. 428; *Corbin v. Laswell*, 48 Mo. App. 626; *Green v. Castello, Adm'r*, 35 Mo. App. 127; *Osborn v. Schutt*, 67 Mo. 712. The constructive service of the writ of attachment attempted to be obtained upon the defendant in this case is absolutely void upon its face. Revised Statutes, 1889, sec. 8952; *Stewart v. Brown*, 112 Mo. 171; *Lynch v. Donnell*, 104 Mo. 519. (2) The attachment affidavit filed in the justice court was a nullity and did not confer any authority upon the justice to issue the writ of attachment. R. S. 1889, sec. 526; *Claflin v. Hoover*, 20 Mo. App. 314; *Mackey v. Hyatt*, 42 Mo. App. 443; *Johnson v. Gilkerson*, 81 Mo. 55; *Gilkerson v. Knight*, 71 Mo. 403. (3) In the absence of fraud the judgment creditor in garnishment proceedings stands in the shoes of the judgment debtor and whatever defenses the garnishees would have had, if sued directly by the judgment debtor in this case, they can set up and avail themselves of in this garnishment proceeding, and if the defendant, Jack Victor, who is the judgment debtor herein, could not have maintained a direct action against these garnishees, who are the executors of the last will and testament of Dr. S. B. Victor, deceased, the plaintiff and respondent herein can not maintain this garnishment proceeding against them. R. S. 1889, sec. 6124; *Tent Company v. Bank*, 57 Mo. App. 19; *McQuarry v. Geyer*, 57 Mo. App. 213; *McPherson v. Railroad*, 66 Mo. 103; *Gregg v. Bank*, 80 Mo. 251; *Water Co. v. Harkness*, 49 Mo. App. 357; *Reinhart v. Soap Co.*, 33 Mo. App. 24; *Firebaugh v. Stone*, 36 Mo. 111; *Weil v. Tyler*, 38 Mo. 545; Drake on Attachments [6 Ed.], secs. 458–464, also sec. 672; *Bank v.*

Godman v. Gordon.

*Staley*, 9 Mo. App. 146. (4) The service of the writ of attachment as well as the summons to garnishee herein as the return of the constable on both shows conclusively that both taken together, or either alone, could not confer any rightful jurisdiction on the justice. The declaration of sequestration to the garnishees, which is wholly wanting in this case, is an indispensable prerequisite to confer jurisdiction over the subject-matter. *Dunn v. Railroad*, 45 Mo. App. 29; *Fletcher v. Wear*, 81 Mo. 524; *Gates v. Tusten*, 89 Mo. 13; *Mangold v. Dooley*, 89 Mo. 111; *Haley v. Railroad*, 80 Mo. 112; *Todd v. Railroad*, 33 Mo. App. 110; *Norvell v. Porter*, 62 Mo. 309; *Connor v. Pope*, 18 Mo. App. 86; *Swallow v. Duncan*, 18 Mo. App. 622; *Epstein v. Salorgue*, 6 Mo. App. 362. If the amended returns to the attachment writ and summons to garnishee made by the constable at the June term of the circuit court of Boone county, and by leave of court was sufficient in form and substance to bring the *res* into court, a fact I do not concede, it could not have the effect of perfecting the jurisdiction or acquiring jurisdiction of the subject-matter of the action that the circuit court did not acquire by appeal. *Osborn v. Schutt, supra; Green v. Castello, supra; Abernathy v. Moore*, 83 Mo. 65.

*C. B. Sebastian* for respondent.

(1) There is nothing in this case that the appellate court can review; there is no bill of exceptions in the record, and the appellant has not saved any exception to any action or ruling of the court below, and no error appears on the face of the record proper, unless it be a question of jurisdiction. *In re Webster*, 36 Mo. App. 155; *Puller v. Thomas*, 36 Mo. App. 105. The constructive service upon the defendant, Jack Victor, is

strictly in accordance with secs. 596 and 597, of the Revised Statutes of 1889, and is valid. Section 8952, of the Revised Statutes, 1889, has reference to personal service and has no reference whatever to putting up of a notice of publication. *Claflin v. Sylvester*, 99 Mo. 277; *Ferneau v. Whitford*, 39 Mo. App. 311. Any irregularity on the part of the constable in executing the order of publication could not affect the jurisdiction of the justice. *Simons v. Railroad*, 19 Mo. App. 542. (3) The affidavit in this case was not filed under the provisions of section 526, as claimed by appellant, but under section 587, Revised Statutes, 1889, and is good and sufficient, as it appears from the judgment in the case that it was made by plaintiff's attorney. It also appears that it was signed and sworn to by plaintiff's attorney. This, under the rule laid down by the supreme court, and by this court, is all that is required to make the affidavit good. *Irwin v. Evans*, 92 Mo. 472; *Burnett v. McCluey*, 92 Mo. 230; *Bank v. Garton*, 40 Mo. App. 113. It is raised for the first time here, and should not be considered. *Agr. Mech. Ass'n v. Delano*, 37 Mo. App. 284; *Ritter v. Ins. Co.*, 28 Mo. App. 140; *Todd v. Railroad*, 33 Mo. App. 110. (4) A garnishment is not a suit against the appellants but is one of the modes pointed out by the statutes by which the writ of execution or attachment is executed. It is not a new suit, but an incident, an auxiliary, of a judgment or attachment and a means of obtaining satisfaction of the same, by reaching the defendant's credits. *Tinsley v. Savage*, 50 Mo. 141. It is not a suit against the executors within the meaning of R. S. 1889, sec. 6124. Prior to the service of the writ of garnishment herein, there was an order of distribution. If the executors failed to obey the order and pay over the money, the defendant could have sued them on their bond and recovered the amount ordered to be paid.

*State ex rel. v. Grigsby*, 92 Mo. 419. (6) The constable's amended return to the writ of attachment, and summons of garnishment fully complied with the requirements of the statute and gave the justice's court jurisdiction over the property and money of the defendant, Jack Victor, which was in the hands of the appellants after the order of distribution. The service was good; the return only was defective, in not stating correctly the manner of service. *Turner v. Railroad*, 78 Mo. 578; *Todd v. Railroad*, 33 Mo. App. 110.

SMITH, P. J.—The plaintiff brought this action against defendant, Jack Victor, by attachment, before a justice of the peace. Gordon and W. L. Victor, executors of the estate of S. B. Victor, deceased, were summoned as garnishees. The cause was removed by appeal to the circuit court, where the plaintiff had judgment, and to reverse which the garnishees have appealed.

The garnishees filed no bill of exceptions, though the clerk has copied into the transcript a number of motions and the rulings of the court thereon; but these, of course, we can not notice. Our examination must be restricted to the record proper. If we find any error appearing on the face of it, we will take notice of it, but we can look no further.

The garnishees contend that neither the circuit court nor the justice had any jurisdiction of the subject-matter of the action, or of the garnishees. The specific grounds of the garnishees' assault on the judgment are these:

I. That the affidavit filed before the justice for the attachment is a nullity and did not authorize the issue of the writ.

It is apparent that the title of the case is erroneously stated. C. B. Sebastian, the affiant, is first

stated in the affidavit to be the plaintiff, but further on it is stated that "plaintiff W. B. Godman, has a just demand against defendant, and that the amount which affiant believes the plaintiff ought to recover, after allowing all just credits and set-offs, is $223.50, now due, and that he has good reason to believe, and does believe, that the defendant is a nonresident of this state." It does not appear on the face of the affidavit that Sebastian is either agent or attorney for the plaintiff. This, it seems, is a requirement of the statute in relation to attachments in courts of record. R. S. sec. 526; *Claflin v. Hoover*, 20 Mo. App. 314; *Gilkerson v. Knight*, 71 Mo. 403. But no such requirement is to be found in that relating to attachments before justices of the peace. Art. 11, chap. 10, R. S.

In section 604 of the above cited article it is provided that the law governing attachments in courts of record shall apply in attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter. Included in the latter is section 587, which specially provides the form of an affidavit for an attachment, and there, it will be seen, there is no such requirement as that contained in section 526, already referred to. So that, in attachments before a justice of the peace, the affidavit need not recite that the affiant is "agent or attorney for plaintiff."

The affidavit, while somewhat irregular in the particulars already stated, contained the statutable essentials, and was, in our opinion, sufficient to authorize the issue of the writ. *Burnett v. McCluey*, 92 Mo. 230.

II.    The garnishees object that the publication was not made in conformity to law.

This objection to the jurisdiction is not available to the garnishees. The objection of the garnishees to

the jurisdiction stands on the same footing as the objection of any third. person questioning the validity of the proceeding collaterally. If the question were before us in a direct proceeding by defendant in the attachment, we might be obliged to rule the publication defective, and reverse the judgment for that reason. But. jurisdiction in attachment is acquired by the levy of the writ regularly issued, and is not ousted by the fact that the subsequent publication was not regularly made. *Simmons v. Railroad*, 19 Mo. App. 542; *Freeman v. Thompson*, 53 Mo. 183; *Kane v. McCown*, 55 Mo. 181; *Holland v. Adair*, 55 Mo. 40; *Johnson v. Gage*, 57 Mo. 165.

In the last of these cases it was stated that; "The omission to prove publication is only an·irregularity in the proceedings in a case in which the court already has jurisdiction, so far as the attached property is concerned, and that, although a judgment rendered in such case might be set aside for irregularity, in a direct proceeding for that purpose, yet the judgment would not be held absolutely void in a collateral proceeding." It seems to us that the publication in this case was sufficient under the statute (Revised Statutes, sections 596, 597); but whether so or not, it is not according to the well settled rule of this state, as appears by the decisions just referred to, subject to attack by the garnishees.

III. The statute provides that no justice of the peace shall have jurisdiction to hear or try any action against an executor or administrator. R. S., sec. 6124.

A garnishment, owing to its auxiliary character, is not a suit. It is one of the modes pointed out by statute, by which the defendant's credits may be sequestered and applied to the satisfaction of the plaintiff's judgment. *Tinsley v. Savage*, 50 Mo. 141; *Ritter v. Insurance Co.*, 28 Mo. App. 140. An executor or

administrator is liable to be summoned as garnishee, after the making of an order of distribution, or for the payment of a legacy.  R. S., section, 5220.  There is, therefore, no force in the garnishees' objection that the garnishment proceeding against them was without the jurisdiction of the justice, since they were, at the time of the service of the notice on them by the constable, executors.  It appears by the judgment appealed from, that the garnishees are the executors of the estate of S.B. Victor, and that prior to the service of the garnishment on them, there was an order of distribution made in the probate court of Boone county, and that the distributive share of the defendant, according to said order, was $916, and that the garnishees had said sum in their hands, at the time of the garnishment upon them.

The facts found by the court, we think are sufficient to authorize the judgment.

IV.  The garnishees' final contention is that the return of the constable on the summons of garnishment is wholly insufficient to bring the *res* into court, so as to authorize a judgment against them.  The return recites that the constable executed the writ by summoning the garnishees and declaring to each of them that "I attached in their hands any money or property or evidence of debt belonging to defendant," etc.  This was a compliance with the statute.  R. S., section 543; *Dunn v. Railroad*, 45 Mo. App. 29; *Fletcher v. Wear*, 81 Mo. 524; *Gates v. Tusten*, 89 Mo. 13; *Mangold v. Dooley*, 89 Mo. 111.

But it is further insisted that, if this be so, the return is an amended one and was not made until after the cause reached the circuit court, and that, therefore, there was no jurisdiction by the justice over the *res*, at the time of the rendition of his judgment.  It is conceded that the original return of the constable was insufficient and defective, like that in *Dunn v. Railroad*,

*supra.*   If the constable made the declaration to the garnishees, at the time of the service of the summons on them that is required by statute (section 543), then there was jurisdiction.   If he did not show this fact by his original return, there is no reason why he could not later on amend his return, so as to show it.   The return was only a method provided by statute for the establishment of the fact that the constable had taken a step, which the law required to confer jurisdiction of the *res.*   If the amended return, then made, showed that the constable took the steps required to confer jurisdiction before the judgment against the garnishees was rendered, it was sufficient, though not made until after the cause was taken to the circuit court by appeal. *Todd v. Railroad,* 33 Mo. App. 110; *Turner v. Railroad,* 78 Mo. 578.   In other words, if the amendment was made according to the fact, it was as efficient to confer jurisdiction as the original would have been, had it, in all respects, been formal and sufficient.

No error appears upon the face of the record which would justify us in disturbing the judgment, which will, accordingly be affirmed.   All concur.