JAMES S. TOMBS, Respondent, v. WALTER P. MOORE, Garnishee of I. WALTER BASYE, Appellant.

St. Louis Court of Appeals, January 21, 1896.

Garnishment: ALLOWANCE FOR COSTS AND EXPENSES. A garnishee is not entitled to any allowance for his costs and expenses when he unsuccessfully contests his liability, as where he sets up offsets to his indebtedness to the defendant and denies that the funds in his hands are subject to garnishment, but is defeated in these claims.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Tapley & Fitzgerrell* for appellant.

No brief filed for respondent.

BIGGS, J.—The garnishee herein was allowed $15 for answering. He was dissatisfied and has brought the matter here for review. The claim is that the amount of the allowance is grossly inadequate.

This appeal is without merit, for the reason that under the facts disclosed by the record the garnishee was not entitled to anything. In two cases only can a garnishee claim an allowance for answering to a garnishment. If by his answer, not excepted to or denied, he confesses that he owes the defendant or has property in his hands belonging to him which is subject to garnishment, he will be entitled to a reasonable allowance, to be paid out of the fund or proceeds of the property confessed in his hands (R. S. 1889, sections 5237, 5238); or if the plaintiff fail to recover judgment against him, he will be entitled to indemnity for his

time and expenses in answering and defending against the garnishment. R. S. 1889, sec. 5239.

The record discloses these facts: The garnishee is the clerk of the circuit court of Pike county. He answered that the defendant Basye had deposited with him as clerk the sum of $623.85; that Basye owed him $111.45; that costs had been taxed against Basye in his court amounting to $161.60, which amount he claimed should be deducted, and that Basye was the head of a family and was entitled to claim as exempt $300 of the amount. Finally, he insisted that the money in his hands was not subject to garnishment. The answer was excepted to by the plaintiff. There was a trial, and the court rejected the claim for costs due from Basye, but deducted the amount of the exemptions and the amount due from Basye to the appellant, and rendered judgment for the balance, to wit, $212.40. No appeal was taken from the judgment.

The foregoing shows without question that the appellant can not be classified as a mere stakeholder, a position which he must necessarily have occupied in the garnishment proceedings in order to be entitled to his costs and expenses. He was at liberty to insist that the amount due from Basye to him be deducted from the amount in his hands; but when he undertook to protect Basye, in his exemption rights, which did not concern him (*Osborne v. Schutt*, 67 Mo. 712; *Marchildon v. O'Hara*, 52 Mo. App. 523; *Stotesbury v. Kirtland*, 35 Mo. App. 148), and also insisted on the other credit, and denied the jurisdiction of the court, that is, that the money in his hands was subject to garnishment, he became a litigant in the strict sense of that word. Having been defeated and the judgment against him remaining unreversed, he is clearly not entitled to his costs or expenses.

The judgment of the circuit court will be affirmed. All the judges concur.