J. J. COPE, Respondent, v. MELINDA SHOEMATE, Defendant; E. F. DENT, Garnishee, Appellant.

St. Louis Court of Appeals, May 25, 1909.

1. GARNISHMENT: Res Judicata: Contingent Liability. Where a surety on an injunction bond receive a sum of money by way of indemnity and subsequently was garnisheed by a judgment creditor of the party who deposited the money and was discharged from the garnishment because the injunction suit was still pending, such discharge did not bar a second garnishment on the same judgment to secure the same fund, brought after the injunction had been determined in favor of the plaintiff.

2. ————: Prima Facie Case. In a proceeding against a garnishee by a judgment creditor, where the issue was whether the garnishee had received money from the judgment defendant as an indemnity, on account of his being surety on an injunction bond of another party, the evidence is examined and held sufficient to make out the *prima facie* case for the plaintiff.

3. ————: **Cost: Allowance to Garnishee.** Where a garnishee incurred trouble and expense in resisting a garnishment proceeding, which was decided against him, he cannot be allowed anything for expense and trouble thus incurred.

Appeal from the Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*A. J. Arthur* and *Clymer & Bennett* for appellant.

*Wm. P. Elmer* and *G. C. Dalton* for respondent.

GOODE, J.—Plaintiff recovered judgment December 2, 1904, in the circuit court of Dent county for $100 against defendant, Malinda Shoemate. An alias execution was issued on this judgment November 12, 1907, whereon E. F. Dent was summoned as garnishee and all the money and property in his hands belonging to the defendant were attached. On the return of the execution showing the garnishment of Dent, Cope propounded statutory interrogatories to the latter, who answered he neither had in his possession, custody or charge any goods, chattels, money, credits or effects belonging to Malinda Shoemate on the date of the garnishment, to-wit, November 12, 1907, nor owed the defendant any money on said date or the date of the answer, and that he was not bound in contract on either date to pay her any money. An issue was taken on these answers by the plaintiff, who filed a denial of them wherein he averred Dent had in his possession and under his control when served with garnishment, and also when he answered, $200 in money belonging to defendant. Dent responded to this averment by denying it and also by pleading a former adjudication based on the following facts: that at the October term, 1907, of the Dent Circuit Court, a garnishment proceeding between Cope and Dent, the present garnishee, was determined, which

proceeding is alleged by Dent to have involved the identical issues involved in the present cause. The trial of the first garnishment at the said October term, 1907, resulted in a judgment in favor of Dent and against Cope, which judgment was not appealed from, is still in force, and therefore, is said to be an adjudication of all the matters now at issue between Cope and Dent in favor of the latter. On the trial before a jury of the issues now at bar between plaintiff and the garnishee, the following facts were developed: Subsequent to December 2, 1904, the date of the judgment of Cope against Malinda Shoemate said Malinda sold and conveyed to Josephine Shelton a lot in the city of Salem, in Dent county. On February 20, 1907, said lot was levied on and advertised for sale under an execution issued on said judgment. The grantee, Josephine Shelton, sued out a temporary writ of injunction, restraining the sheriff from selling, and on November 2, 1907, the temporary writ was made permanent for reasons not shown on the present record. Dent became surety for Mrs. Shelton on her injunction bond, and is supposed to have received from Mrs. Shoemate $200 in money by way of indemnity. Mrs. Shoemate was determined to prevent Cope from collecting his judgment, and agreed to hold Mrs. Shelton harmless against loss on account of the purchase of the lot. Plaintiff adduced evidence to prove Mrs. Shoemate instigated Mrs. Shelton to bring the injunction suit, and to assist the latter and enable her to give bond, placed the money with Dent for indemnity. The first garnishment of Dent by plaintiff occurred and was determined while the injunction suit was pending. After it had been finally settled by a judgment in favor of Mrs. Shelton plaintiff caused Dent to be served with the present garnishment. The adjudication of the prior garnishment in Dent's favor is pleaded in bar of the present garnishment, on the theory that said adjudication determined Dent had posses-

sion of no money belonging to Mrs. Shoemate and owed her nothing.

The plea of former adjudication was not well taken because, as stated, at the time of said garnishment the injunction suit was still pending and Dent held a specific lien on and was entitled to retain the $200 in his hands as indemnity, against Mrs. Shoemate or whomever had deposited it with him. That is to say, whether or not the original owner of the fund would have an interest in it later, depended on a contingency to happen in the future, and this fact prevented the fund from being subject to garnishment on legal process. [Atwood v. Hale, 17 Mo. App. 81; Beckham v. Carter, 19 Mo. App. 597.] Perchance the fund might have been reached by an equitable garnishment, wherein the garnishee could have been protected in his right to have it applied first to make him whole, if he suffered loss as surety on the injunction bond, and a judgment for plaintiff could have been given subject to such contingency. As to this we do not decide, because the first proceeding, like the present one, was of a legal and not of an equitable nature. The only matter settled by the prior adjudication was that Dent had not at the time, any money or assets belonging to Mrs. Shoemate and subject to garnishment. After the injunction suit had been determined in Mrs. Shelton's favor and Dent discharged from liability as her bondsman, the $200 remained in his hands free from any claim or lien, was garnishable assets and might be garnished by Cope on his judgment against Mrs. Shoemate if it belonged to her. The principal contention in the case is that the money, which Dent admitted he held, was not Mrs. Shoemate's but Mrs. Shelton's, and had been placed by the latter with Dent to indemnify him. Without going into the evidence relevant to the issue, for it is minute and circumstantial, suffice to say it warranted the jury to find the money had been advanced, not by Mrs. Shelton, but by Mrs. Shoemate. It was turned over to Dent by the attorney who was

acting for the plaintiff (Mrs. Shelton) in the injunction suit, and though there is no positive proof of the fact, various incidents pointed to Mrs. Shoemate as the owner of the money.     She was the active party in carrying on the injunction suit and Mrs. Shelton seems to have had little to do with it, Mrs. Shoemate having agreed to stand behind her and hold her harmless.     As there was substantial evidence for plaintiff on the issue, the verdict is conclusive.

The garnishee has asked an allowance of $93.20 for answering in the case.    The claim as itemized is for an attorney's fee, docket fee in this court, bill of exceptions, abstract of record, printed briefs, etc.    The garnishee would have been entitled to a reasonable allowance for expense and trouble of answering the garnishment, if he had admitted possession of assets belonging to the defendant, or if plaintiff had failed to obtain judgment against him.    [R. S. 1899, secs. 3454 et seq.]    All the trouble and expense he suffered in this proceeding, were due to his resistance of plaintiff's demand, and he and not plaintiff must bear the loss.    [Simmons v. Railroad, 19 Mo. App. 542, 546; Tombs v. Moore, 64 Mo. 667.]

The judgment is affirmed.    All concur.