## SAMUEL M. LOCKE, et al., Respondents, v. ALFRED H. WOODMAN, et al., Defendant, WALTER H. SAUNDERS, et al., Garnishees.

In the Kansas City Court of Appeals, May 1, 1922.

1. **APPEAL AND ERROR:** Opinion of Court of Appeals upon Motion of Garnishees' for Recall of Mandate and Modification of Order of Affirmance, Held Not to Determine Garnishees' Right to Allowance of Expenses. Where on appeal by plaintiffs from judgment against garnishees ·for an amount over which there was no controversy, and after affirmance of judgment, on motion of garnishees, mandate of Court of Appeals was recalled and order of affirmance modified so as to remand cause to enable circuit court to consider garnishees' motion filed in trial court for allowance to them for trouble and expense incurred in answering as arose after their acknowledgment of amount due from them was made, which plaintiffs declined to accept, *held*, language of opinion recalling mandate and modifying judgment did not determine the rights of the garnishees under the motion for allowance of expenses; the only purpose of remanding the cause being to permit trial court to "act upon garnishees motion."

2. **GARNISHMENT:** Discharge: Where Garnishees Did Not Discharge Themselves by Paying or Delivering to Sheriff Amount Held by Them· Before Final Judgment They Were Not Entitled to Recover Expenses Incurred in Answering. Where it was contended by garnishees that as plaintiff did not recover a judgment for more than the garnishees admitted to be due, the garnishees were entitled to recover costs and compensation to cover trouble and expenses, *held*, that as garnishees did not pay or deliver the amount due before rendition of final judgment as required by section 1852, Revised Statutes 1919, but permitted judgment to be entered against them, they were not entitled to an allowance of costs and compensation for trouble and expense incurred in filing answer as provided for by sections 1866 to 1869, Revised Statutes 1919.

3. ———: Judgment: Judgment Against Garnishees Held ''Final Judgment'' Within Statute Entitling Garnishees to Discharge Themselves From Liability. A judgment entered in favor of plaintiffs against the garnishees is held to be a "final judgment" within section 1852, Revised Statutes 1919, which provides that the garnishee may, "at any time before final judgment, discharge him-

self, by paying or delivering same, or so much thereof, as the court shall order to the Sheriff, from all further liability on account of the property, money or debts so paid or delivered."

4. ———: ———: Garnishees Permitting Judgment to be Entered Against Them Requiring Them to Pay Money into Court Within Specified Time and Neglecting to do so, Are Not Entitled to Recover Expenses on Theory That They Confessed the Amount and Offered to Pay Same. Where garnishees permitted final judgment to be entered against them, and they were directed to pay into court within a certain time, the amount specified in the judgment, but neglected so to do, *held*, garnishees not entitled to an allowance of expenses on the theory that they confessed and offered to pay the amount so confessed.

5. ———: ———: Under Statute Plaintiffs Consent Was Not Necessary to Garnishees Payment of Specified Amount into Court and Garnishees not Having Done so Within Time Required not Entitled to an Allowance of Expenses. Where it was contended that garnshees were entitled to an allowance of expenses for answering, notwithstanding judgment was entered against them for the amount held by them because plaintiffs refused to accept the offer of garnishees to pay over said amount; *held*, that plaintiffs consent to pay the amount into court was not necessary under provisions of section 1852, Revised Statutes 1919, and garnishees were not entitled to recover expenses incurred.

Appeal from the Circuit Court of Howard County.—*Hon. A. W. Walker,* Judge.

AFFIRMED.

*Charles C. Madison* for respondent.

*Abbot, Fauntleroy, Cullen & Edwards* for appellant.

ARNOLD, J.—This is an appeal from the action of the trial court in overruling garnishees' motion to retax costs and allowance to garnishees for trouble and expenses. The garnishment proceeding out of which this controversy arose was incident to and auxiliary of a judgment obtained in an attachment suit brought in Audrain county against defendants who are residents of the Dominion of Canada. A small fund in Audrain

county was attached and the garnishees (a firm of attorneys in St. Louis, appellants herein), were duly summoned and their objections to the jurisdiction were finally disposed of in State ex rel. v. Barnett, 193 Mo. App. 36, 180 S. W. 458. In the meantime, to-wit January 5, 1916, plaintiffs in their attachment suit obtained judgment in the sum of $13,517.50, against the property of defendants.

Plaintiffs filed a general denial to the garnishees' answer to the interrogatories and the garnishees filed reply to such denial. On the issues thus made the garnishment proceedings were tried, resulting in a verdict and judgment in favor of plaintiffs for the full amount of the fund, viz., $6974.62. An appeal was taken by the garnishees to the St. Louis Court of Appeals, where the judgment was reversed and the cause remanded for a new trial. [Locke, et al. v. Woodman, et al., 216 S. W. 1006.]

When the cause was taken back to the circuit court of Audrain county a change of venue was granted to Howard county where a trial resulted in a verdict and judgment, on May 7, 1920, in plaintiffs' favor for only that part of the fund over which there was no controversy, to-wit, $1805.59, which with interest amounted to $2311.45, thereby upholding the claim of garnishees to $5,000 of the fund as attorney's fee, and $169.03 for costs and expenses incurred by them in the course of their employment as such attorneys.

On May 10, 1920, plaintiffs filed their motion for a new trial which was overruled by the court on May 28, 1920, and judgment was entered on the same day against the garnishees. Plaintiffs thereupon filed another motion for a new trial which was overruled and plaintiffs then took an appeal to this court from the order and judgment of the trial court. This court affirmed the judgment on November 8, 1920, and thereafter on November 20, 1920, the mandate of this court affirming said judgment was transmitted to the trial court. [Locke et al. v. Woodman, et al., 225 S. W. 352.]

On January 1, 1921, the garnishees filed an application to retax costs and for allowance for trouble and expenses in the circuit court of Howard county, and the same was set down for hearing on January 18, 1921. Plaintiff resisted said application on the ground that the court had no power to hear and determine said motion under the form of mandate then on file in said court. The said motion for allowance, on January 28, 1921, was presented to the court and testimony was heard thereon tending to prove the amount due the garnishees, but no decision was rendered on said motion, the court awaiting briefs and suggestions of counsel.

After the hearing on said motion and before a decision was rendered thereon, the garnishees, desiring to have the first mandate recalled and the order of affirmance modified, so that the circuit court of Howard county could consider the matter of an allowance to them for trouble and expense of said litigation, filed in this court on February 1, 1921, a motion to that effect. This motion was opposed by plaintiffs.

On February 11, 1921, this court entered an order recalling the mandate and took under advisement the question of the modification of the opinion and on March 5, 1921, rendered the following opinion, *per curiam*:

"We have carefully considered the suggestions in support of and in opposition to the respondents' motion to modify our opinion and judgment, and entertain the view that the motion should be sustained. [Sections 1867, 1868, R. S. 1919; Keating v. American Refrigerator Co., 32 Mo. App. 293, 298; Cope v. Shoemate, 139 Mo. App. 4, 8.]

"The motion is, therefore, sustained and the opinion and judgment is modified so as to affirm the judgment of the trial court and remand the cause to that court to the end that it may act upon garnishees' motion for allowance for such expenses and trouble in answering as arose after their acknowledgment of the amount due from them was made and which plaintiffs would not accept."

The said opinion, together with the mandate, was duly filed in the circuit court of Howard county. On May 18, 1921, that court, having before it the testimony offered prior to that date and the opinion and mandate of this court, heard further arguments on said motion, and thereupon said motion was overruled. On the same day, the garnishees filed a motion for a new trial which the court overruled on June 2, 1921. The garnishees appeal, and in their assignments of error, charge: 1. That the court erred in not retaxing costs accruing after garnishees' answer was filed against the plaintiffs. 2. The court erred in denying garnishees' right to recover expenses in defending the case. The garnishees assert that when the case was here on motion, this court settled all questions on this appeal except the amount to be allowed.

We cannot accept this as reflecting the ruling of this court in the *per curiam* opinion. Witness the language of the opinion:

"The motion is, therefore, sustained and the opinion and judgment is modified so as to affirm the judgment of the trial court and remand the cause to that court to the end that it may act upon garnishees' motion for allowance of such expenses and trouble in answering as arose after their acknowledgment of the amount due from them was made and which plaintiffs would not accept."

From this language it is clear and unmistakable that it was not the intention of this court to determine the rights of the garnishees under the motion. The only purpose of the reference was to remand the cause, to the end that the trial court might "act upon garnishees' motion."

Further it may be observed that the ruling of this court in affirming the judgment of the lower court referred only to the merits of the cause, and by no shade of meaning can this action be construed as rendering *res adjudicata* the question presented in garnishees' motion to retax costs. Our ruling is against garnishees' contention on this point.

Under points and authorities, garnishees contend that where plaintiff does not recover more than the garnishee admits is due, the garnishees are entitled to recover costs and compensation to cover trouble and expenses.

20 Cyc. 1121, states the general rule that "where the garnishee is discharged upon issue joined, and where upon issue joined judgment is rendered against him for no more than the amount he admitted to be due, he is entitled to costs;  .   .   .   In several jurisdictions, however, where the garnishee puts in an answer, it is within the discretion of the court to allow, or deny costs to the garnishee." [Citing Wolff v. Bank of Commerce, 10 Mo. App. 586.]

Section 1852, Revised Statute 1919, states that the garnishee may, "at any time before final judgment, discharge himself, by paying or delivering same, or so much thereof as the court shall order to the sheriff, from all further liability on account of the property, money or debts so paid or delivered."

By determining the meaning of "final judgment," much light may be thrown on this case and a long step taken toward a solution of the question presented.

"Generally a judgment disposing of the entire controversy is final." [State ex rel. v. Riley, 219 Mo. 667, 118 S. W. 647, 655.]

"A judgment is not final unless it disposes of the cause both as to the subject-matter and the parties, so far as the court before which it is pending has power to do so." [Rogle v. Dedman, 45 Ind. App. 693, 91 N. E. 615, 616.]

We, therefore, hold that the judgment of the court below, as entered against garnishees for the sum of $2311.45, is such a final judgment as is contemplated by the section above quoted.

The statute discloses two classes of cases in which an allowance may be made to a garnishee and the following sections are applicable thereto, viz.:

"Sec. 1866. If the answer of the garnishee be not excepted to in proper time, it shall be taken to be true and sufficient.

"Sec. 1867. If, by the answer, not excepted to or denied, it shall appear that the garnishee is possessed of property or effects of the defendant, or is indebted to the defendant, the same proceedings may be had to ascertain the value of such property or effects, or amount of such indebtedness, and to render and enforce a judgment therefor, as is provided in section 1865.

"Sec. 1868. In such case, the court shall make the garnishee a reasonable allowance for his trouble and expenses incurred in answering, to be paid out of the funds or proceeds of the property or effects confessed in his hands."

These sections define the proper procedure when garnishee's answer is not excepted to or denied. The record in this case shows that the garnishees' answer was denied.

The class of cases within the contemplation of section 1869 is where the plaintiff shall fail to recover judgment against garnishee. This contingency is not present in the record in this case. Final judgment, as above defined, was permitted by garnishees to be entered against them and they were directed to pay the amount defined in the judgment into court. Said final judgment and order is as follows:

"It having been heretofore ordered, adjudged and decreed that the garnishees John S. Leahy, Walter H. Saunders and Irvin V. Barth, pay over and deliver to the sheriff or into court the sum of $2,311.45 pursuant to the verdict of the jury, said payment to be made on or before May 22, 1920, and it appearing to the court that said payment has not been made, that said garnishees have defaulted therein and that the garnishees have refused and still refuse to pay the same pursuant to said order.

"Wherefore it is ordered, adjudged and decreed that plaintiffs have judgment against said garnishees for the

said sum of $2,311.45 and interest, and the costs accrued upon the issues joined between plaintiffs and garnishees, and that execution issue against said garnishees to recover the amount due under.this judgment.''

In a similar situation the court held in Simmons v. Railway, 19 Mo. App. 542, 546:

''Our statute contemplates that the garnishee shall be entitled to costs in two cases: 1. Where the garnishee admits an indebtedness and his answer is not excepted to or denied. [Rev. Stat., sec. 2937.] 2. Where the plaintiff in the attachment fails to recover a judgment against him. [Rev. Stat., sec. 2538.] The former of these sections evidently contemplates a case where the garnishee, admitting an indebtedness, submits his rights to the court. In such a case he can exonerate himself from further expense or trouble by paying the money or surrendering the property to the constable, as provided in Revised Statutes, sections 2550, 2551. The garnishee might have done so in this case. The latter of the above provisions, that in section 2538, contemplates a case where a contest arises between the plaintiff and the garnishee. In such a case the plaintiff must fail in order to entitle the garnishee to an allowance. This view is further supported by the language of the succeeding section, which provides that 'in all cases between the plaintiff and garnishee the parties may be adjudged to pay or recover costs, as in ordinary cases between plaintiff and defendant.' '' [See, also, Tombs v. Moore, 64 Mo. App. 667; Cope v. Shoemate, 139 Mo. App. 4.]

Garnishees further urge reversal because they confessed and offered to pay the amount so confessed, viz., $1805.59. This amount was contested by plaintiffs and garnishees permitted judgment to be entered against them, but refused and neglected to pay the amount into court within the time specified in the judgment entry.

Further it is contended that plaintiffs refused to accept the offer of garnishees to pay over the residue of $1805.59. This point is not well taken for the reason that plaintiffs' consent to pay this sum into court was

not necessary under the provisions of the statute, as above set out.  Besides, the record fails to show that the garnishees made any offer to pay said amount to plaintiffs and does show that garnishees defaulted in payment of the same into court and allowed final judgment to be entered against them.  Said final judgment was entered May 28, 1920, and it was not until January 1, 1921, that the garnishees filed their motion to retax costs.  We hold that such motion was not timely filed and that garnishees therefore were in default.

The judgment is affirmed.  The other judges concur.