60 So.2d 15 (1952)
WOOD
v.
BLACK.
Supreme Court of Florida, en Banc.
July 15, 1952.
James T. Smith, St. Petersburg, for appellant.
McClure & Turville, St. Petersburg, for appellee.
TERRELL, Justice.
October 4, 1950, E.M. Wood executed a contract with Nellie D. Black to construct a residence on land owned by the latter. Wood furnished labor and materials costing $2,808.18 on which account Black paid $1,500 leaving a balance due of $1,308.18. Black terminated the contract and assumed responsibility for its completion. The original contract price was $7,790.00.
After refusal by Black to pay Wood for the materials and labor furnished, he instituted this suit to foreclose a mechanics' lien for the cost of labor, materials and services furnished. Black filed an answer and a counterclaim. On the issues so made the case was tried on stipulation of facts and evidence taken before the court. The stipulation of facts admitted the expenditures alleged in the declaration. At final hearing the trial court dismissed the bill of complaint, holding that Wood could not recover because he had not secured a general contractor's license from the city. The plaintiff has appealed from this judgment.
The point for determination is whether or not Black was authorized to terminate her contract with Wood and refuse to pay him for labor and materials furnished on the sole ground that he had not secured a general contractor's license as required by the city ordinance.
The essential facts as alleged in the pleadings are admitted. It is also admitted that the City had an ordinance providing that those engaged in the business of general contractors should secure a city license. The ordinance made it "unlawful for any person to violate any of the terms of this article" but imposed no penalty for doing so, nor did it invalidate contracts of those failing to secure such a license. The trial court grounded his order of dismissal solely on the theory that appellant had not secured the city license.
In so holding we think the trial court was in error. We do not think his interpretation of the ordinance was warranted and then appellant was not seeking to recover on the contract. He was in a court of equity seeking to recover the actual cost of labor, materials and services furnished as provided by Section 84.02, F.S.A. The record shows that the contract was about 60 per cent. completed when it was canceled and taken over by the owner but no recovery is attempted on that. Recovery is predicated solely on the reasonable value of the labor, services and materials, based on a quantum meruit. Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409; Craven v. Hartley, 102 Fla. 282, 135 So. 899 and Palmer v. Edwards, Fla., 51 So.2d 495, are relied on to support appellant's contention.
*16 It is our view that the appellant is entitled to recover the reasonable value of the labor and materials furnished on a quantum meruit basis, no recovery allowed for "profit and supervision" claimed in his statement. The judgment appealed from is accordingly reversed with directions to ascertain the reasonable amounts due for labor and material and decree accordingly.
Reversed with directions.
SEBRING, C.J., and CHAPMAN, HOBSON, ROBERTS and MATHEWS, JJ., concur.
THOMAS, J., dissents.
THOMAS, Justice (dissenting).
The appellant by a formal contract agreed to construct a dwelling in St. Petersburg for the appellee for a stipulated sum, and expended to that end approximately three thousand dollars, half of which was paid. The appellee then terminated the contract and assumed the responsibility of completing the structure. Because the appellant had not obtained a certificate of competency as required by the ordinance of the city, recovery on a quantum meruit basis was denied.
Under the authority of Chapter 15505, Laws of Florida, Special Acts of 1931 and its amendments, constituting the charter of the city, it was ordained that every general contractor should procure and maintain a license and that it would be unlawful to violate the provision. To obtain a license it was necessary to pass a test conducted by a board of examiners, themselves qualified to judge the merits of applicants.
From my consideration of the authorities on the subject I reach the opinion that the right of one not licensed to recover upon a contract depends upon the design and purpose of the legislative body in requireing the license. If it is nothing more than a revenue measure, failure to obtain the permit would not render the contract unenforceable. If, on the other hand, it be determined from the whole legislation  in this case the charter and the ordinance  that the protection of the public was its prime purpose, then the courts will not afford redress to the one who has failed to comply with the law. We decided in State ex rel. Reynolds v. City of St. Petersburg, 133 Fla. 766, 183 So. 304, 118 A.L.R. 667, that this very legislation was of that character.
But, insists the appellant, he seeks no redress on the contract, but only compensation for what, of work and materials, he actually put into the building to the benefit of his adversary. He does, however, include in his statement more than five hundred dollars for "profit and supervision charge."
The argument of appellant that the appellee should not be allowed to profit by the former's contribution in labor and material to the improvement of the latter's property, is forceful, but not convincing. In the first place, the appellant is presumed to have known that he could not lawfully engage in the construction of the house for the simple reason that he had not qualified himself for the job. If we were to hold that he was entitled to reimbursement for his actual expenditures for labor and materials, not to mention the claim for services as overseer, we would provide an invitation to all in his situation to proceed in defiance of the law, secure in the knowledge that if detected, no cash outlay would be sacrificed, but only time and effort in supervision.
Not only that, but the result would probably be the erection of buildings, to a certain degree, by those unqualified builders who had not been discovered. Applied to this case, it should not be assumed that all materials were so placed in the building under the supervision of one not proven qualified that they were an actual gain to the appellee, or that the value of labor for the purpose was not therefore reduced or partially or totally lost. For ought we know, the appellant was not in fact capable of constructing the building.
The rule may be harsh, but I think that one in appellant's situation who ignores the law requiring examination and qualification for the benefit and protection of the public, may not recover either on the contract or in quantum meruit for the amount he has *17 invested in time, effort, and money. See Hickey v. Sutton, 191 Wis. 313, 210 N.W. 704.
Appellant has argued that such a ruling would violate equitable principles because the owner would be unjustly enriched at the contractor's expense. Aside from the thought, already expressed that appellee may not have profited, this is neutralized by the invocation of another familiar tenet relative to cleanness of a suitor's hands when he knocks at equity's door. Certainly the appellant's claim arose from the invalid contract, though he says it is not now based squarely on it, in the sense that he doesn't attempt to secure enforcement. Had there been no abortive agreement there would have been no expenditure or effort by the appellant for which he now wishes reimbursement.
For the reasons given I cannot agree to the court's opinion.