834 So.2d 904 (2003)
HULL & COMPANY, INC., Appellant,
v.
Clair THOMAS, The Equitable Financial Company, and Prudential Insurance Company of America, Appellees.
No. 4D01-972.
District Court of Appeal of Florida, Fourth District.
January 8, 2003.
*905 Darlene M. Lidondici of Fertig and Gramling, Fort Lauderdale, for appellant.
Nancy W. Gregoire, and W. Edward McIntyre of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee Prudential Insurance Company of America.
GROSS, J.
The main issue in this case is whether a plaintiff may assert a contract implied in law to circumvent a statutory requirement that a person be licensed to perform services as a life insurance agent. We hold that such an implied contract is unavailable under these circumstances.
This case began in 1989. Appellant, Hull & Company, Inc. sued Prudential Insurance *906 Company, Inc. and another defendant. The claim against Prudential was for quantum meruit. The complaint alleged that Hull's employee provided certain services to Prudential which Prudential used in underwriting and issuing an insurance policy.
Prudential filed a motion for summary judgment, which was denied in 1992. Litigation continued and the case was transferred to a different judge. In 2000, Prudential filed a second motion for summary judgment. The motion relied on facts developed since 1992, as well as on the pretrial stipulation between the parties. The court granted the motion.
Hull first raises a procedural argument. It contends that the second judge was precluded from granting summary judgment based on the same legal theories rejected by the first judge in the earlier motion for summary judgment.
There was no legal error. As a matter of "comity and courtesy," a judge should hesitate to undo the work of another judge who presided earlier in the case. Tingle v. Dade County Bd. of County Comm'rs, 245 So.2d 76, 78 (Fla.1971). However, prior to final judgment, a successor judge has the power to vacate or modify a predecessor's interlocutory rulings, such as an order on a motion for summary judgment. See Karn v. Coldwell Banker Residential Real Estate, Inc., 705 So.2d 680, 680 (Fla. 4th DCA 1998); Wasa Int'l Ins. Co. v. Hurtado, 749 So.2d 579, 580 (Fla. 3d DCA 2000); Stepp v. State Farm Fire & Cas. Co., 656 So.2d 494, 497 (Fla. 1st DCA 1995); Collier v. Dade County, 417 So.2d 695, 696 n. 1 (Fla. 3d DCA 1982) (rejecting appellant's argument that successor judge was precluded from revisiting predecessor's denial of summary judgment). Here, the facts became more fully developed after the 1992 ruling.
Hull next argues that the order granting summary judgment was wrong on the merits. The trial court found that section 626.794(1), Florida Statutes (1989) precluded any payments by Prudential to Hull. That statute provides:

No life insurer or licensed life agent shall pay directly or indirectly any commission or other valuable consideration to any person for services as a life insurance agent within this state, unless such person holds a currently valid license to act as a life insurance agent as required by the laws of this state; except that a life insurer may pay such commission or other valuable consideration to, and a licensed life insurance agent may share any commission or other valuable consideration with, an incorporated insurance agency in which all employees, stockholders, directors, or officers who solicit, negotiate, or effectuate life insurance contracts are qualified life insurance agents holding currently valid licenses as required by the laws of this state.
§ 626.794(1), Fla. Stat. (1989) (emphasis added). Conceding that it was not licensed, Hull argues that its quantum meruit claim is not precluded by the statute.
By its use of the term "quantum meruit," we understand Hull to have brought a claim for a contract implied in law. As we wrote in Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So.2d 383, 386 (Fla. 4th DCA 1997):
A contract implied in law, or quasi contract, is not based upon the finding, by a process of implication from the facts, of an agreement between the parties. A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties' expression of assent by their words or conduct. The fiction was adopted to provide a *907 remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation.
The elements of a cause of action for a quasi contract are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.
(Citations omitted).
Through section 626.794(1), the legislature has determined that a "valid license" is required in order to be entitled to "any commission or other valuable consideration" in return for "services as a life insurance agent." The statute is broadly phrased; it bars payment "directly or indirectly." To allow Hull to recover on a contract implied in law is to circumvent the license requirement of the statute. Under the fourth element of the quasi-contract cause of action described above, it is not "inequitable" to preclude Hull's recovery, because the legislature has imposed a license requirement as a condition of doing the type of business involved in this case.
In Osteen v. Morris, 481 So.2d 1287 (Fla. 5th DCA 1986), the fifth district imposed a similar limitation on quasi-contractual recovery. There, a repair shop customer orally authorized repair work to his car. The repair shop gave the customer two oral estimates for the work and the customer approved. Later, the customer refused to pay. The trial court found that because the repair shop did not comply with the statute requiring repair shops to give written estimates,[1] the repair shop could not rely on a contract implied in fact to recover for its services. In affirming, the fifth district stated:
This consumer protection statute must necessarily be construed to be a limitation on the common law principle of quantum meruit because the recognition of a quasi-contractual obligation by the law in this situation would necessarily circumvent the very dictates of the statute by enabling a motor vehicle repair shop to ignore the statutory requirements of providing a written estimate or obtaining a written waiver.
Id. at 1290 (emphasis in original).
Hull cites to Wood v. Black, 60 So.2d 15 (Fla.1952) and Duncan v. Kasim, Inc., 810 So.2d 968 (Fla. 5th DCA 2002), but they are distinguishable.
In Wood, a building contractor filed suit to foreclose a mechanics' lien on a residence for the cost of labor, materials, and services he furnished to the homeowner. The trial court dismissed the case, ruling that Wood "could not recover because he had not secured a general contractor's license from the city." 60 So.2d at 15. The supreme court reversed, holding that the contractor could pursue his lien claim on a quantum meruit theory. The court observed that the city ordinance requiring general contractors to secure a license "imposed no penalty" for contracting without a license, "nor did it invalidate contracts of those failing to secure such a license." Id. The ordinance in Wood is unlike section 626.794(1); the statute expressly precludes "any commission or other valuable consideration" to a person performing "services as a life insurance agent" without a "currently valid license." Wood involved no such express prohibition.
*908 Duncan involved a six-count complaint by a bar manager against a motel property owner. The bar manager was a convicted felon; section 562.13(3)(a), Florida Statutes (2001) prohibited some convicted felons from being employed as a bartender, person in charge, or manager of a liquor lounge. The fifth district held that this statute did not bar some unjust enrichment claims that were independent of the illegal contract. The implied contract in this case did not involve services performed or materials provided outside of "services as a life insurance agent" within the meaning of section 626.794(1).
We agree with Hull that the attorney's fee award under section 768.79 must be reversed. The 1989 version of section 768.79 applies to this case since the cause of action accrued in 1989. See Metro. Dade County v. Jones Boatyard, Inc., 611 So.2d 512, 513-14 (Fla.1993); Levine v. Harris, 791 So.2d 1175, 1177 (Fla. 4th DCA 2001); Mudano v. St. Paul Fire & Marine Ins. Co., 543 So.2d 876, 877 (Fla. 4th DCA 1989). Under the 1989 statute, Prudential was not entitled to attorney's fees. See, e.g., Wilson Ins. Servs. v. W. Am. Ins. Co., 608 So.2d 857, 858 (Fla. 4th DCA 1992).
Affirmed in part, reversed in part, and remanded.
STONE, J., and STERN, KENNETH D., Associate Judge, concur.
NOTES
[1] Section 559.905, Florida Statutes (1985).