A & L UNDERGROUND,
INC., Respondent,

v.

LEIGH CONSTRUCTION, INC., and
Helen G. Leigh, Defendants,

and

Garney Companies, Inc., Appellant.

No. WD 64285.

Missouri Court of Appeals,
Western District.

May 17, 2005.

Leonard Wagner, Kansas City, for Appellant.

Gardiner Davis, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Garney Companies, Inc., appeals the circuit court's judgment against it in a garnishment action by A & L Underground, Inc. Because A & L Underground did not establish that Garney was obligated to A & L Underground's debtor, we reverse the circuit court's judgment and remand for a determination of Garney's costs and attorney fees under Rule 90.12(b).

A & L Underground's debtors were Leigh Construction, Inc., and Helen Leigh. After learning that Garney had entered into two contracts with Leigh Construction of North Carolina, an entity purportedly distinct from Leigh Construction, Inc., A & L Underground filed this garnishment action against Garney and identified the debtor as Leigh Construction, Inc.

Garney responded that it owed nothing to Leigh Construction, Inc., because its contracts were with Leigh Construction of North Carolina, and it contended that it owed nothing to Leigh Construction of North Carolina. Garney asserted that the work performed by Leigh Construction of North Carolina was defective and that it had not satisfied a condition precedent by supplying claim waivers and paying its subcontractors and suppliers. Garney alleged that it had had to pay the subcontractors and suppliers. A & L Underground asserted that Leigh Construction of North Carolina was the alter ego of Leigh Construction, Inc.

After trial, the circuit court ordered Garney to pay $120,284.10 to the court for it to disburse to A & L Underground. Garney refused, and the circuit court issued a general judgment against Garney. The circuit court erred because A & L Underground presented insufficient evidence that Garney owed money to Leigh Construction of North Carolina.

A garnishor stands in the debtor's shoes and can recover only that which the garnishee owes the debtor. *Wenneker v. Physicians Multispecialty Group, Inc.*, 814 S.W.2d 294, 296 (Mo. banc 1991). The circuit court focused on whether or not Garney was entitled to set-offs for pay-

ments that it had made to Leigh Construction's subcontractors and suppliers, but it overlooked a more salient preliminary issue: whether or not Leigh Construction had a right to payment in light of its failure to satisfy a condition precedent to payment.

Garney's contract with Leigh Construction of North Carolina said, "As a prerequisite for payment, [Leigh Construction] shall provide . . . partial lien or claim waivers." Claim waivers ensured Garney that subcontractors and suppliers had been paid and that no one would make claims or assert liens against the project. The circuit court found no evidence that Leigh Construction submitted claim waivers. A & L Underground, therefore, did not establish that Garney had an obligation to pay Leigh Construction. *Deutsch v. The Boatmen's National Bank of St. Louis, N.A.*, 991 S.W.2d 206, 208 (Mo.App.1999) (satisfying conditions precedent is essential element of breach of contract claim). Because A & L Underground stands in the shoes of Leigh Construction, it has no right to recover from Garney. The circuit court erred in entering judgment against Garney.

 A & L Underground argues that the court properly ignored the conditions precedent issue because it asserted causes of action under Florida law for *quantum meruit* and for "money had and received." This argument is not persuasive.

 Florida and Missouri courts concur that *quantum meruit* and money had and received are based on equitable principles whereby the law implies a contract to prevent unjust enrichment. *E.g., Hull & Company, Inc. v. Thomas*, 834 So.2d 904, 906 (Fla.Dist.Ct.App.2003) ("A contract implied in law, or quasi contract, is not based upon the finding . . . of an agreement between the parties."); *Kubley v. Brooks*, 141 S.W.3d 21, 28 (Mo. banc 2004) (money

had and received); *KC Excavating and Grading, Inc. v. Crane Construction Company*, 141 S.W.3d 401, 408 (Mo.App.2004) (*quantum meruit*). Here, because Leigh Construction and Garney had an express contract, the law does not need to imply one. The doctrines of *quantum meruit* and money had and received have no application.

 Finally, Garney requested attorney fees and expenses. Rule 90.12(b) says:

> If the garnishor files exceptions to the garnishee's interrogatory answers but does not obtain a judgment against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor. The court in such a case shall render judgment in favor of the garnishee and against the garnishor for an amount sufficient to indemnify the garnishee for time and expenses, including attorney's fees.

 Because we reverse A & L Underground's judgment against Garney and because Rule 90.12(b) is not discretionary, A & L Underground must indemnify Garney for "all of the costs attending such garnishment," including its attorney fees. We, therefore, remand to the circuit court for Garney to present evidence establishing its costs and reasonable attorney fees incurred in defending this garnishment action.

JOSEPH M. ELLIS, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.