**CAPITAL ONE BANK, Appellant–Respondent,**

v.

**EDISON CREDIT UNION, Respondent–Appellant.**

**Nos. WD 70045, WD 70088.**

Missouri Court of Appeals, Western District.

Sept. 29, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 2009.

Application for Transfer Denied Jan. 26, 2010.

Ninion S. Riley, for Amicus Curiae.

David J. Weimer, for Appellant–Respondent.

Alan D. Schwartz, for Respondent–Appellant.

Before THOMAS H. NEWTON, C.J., JAMES EDWARD WELSH, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

When Capital One Bank sought to garnish a judgment debtor's funds held by Edison Credit Union, Edison refused to hold the garnished funds and allowed the judgment debtor to withdraw all of the funds from the garnished account after service of the garnishment. Edison claimed that the funds consisted solely of unemployment benefits. Thereafter, Capital One filed a "Motion to Pay Garnished Funds into Court or Exceptions to Garnishee's Interrogatory Answers" with the circuit court, and the circuit court denied the motion and entered judgment in favor of Edison. The circuit court, however, refused to award Edison attorneys' fees and expenses. Capital One appeals asserting that Edison lacked standing to claim an exemption on behalf of the judgment debtor and that Edison was required by law, when served with a garnishment, to seize the funds belonging to the judgment debtor and to pay the funds into court unless the court or the sheriff released the garnishment. Edison cross appeals and asserts that the circuit court erred in denying its motion for attorneys' fees and expenses. We affirm.

The parties agree to these basic facts in this case. Capital One obtained a judgment against David A. Alexander. Capital One requested and the circuit court issued a garnishment against any accounts in which the judgment debtor held an interest. The judgment debtor filed no claims of exemption. Edison's initial answers to the Interrogatories Directed to Garnishee claimed that the judgment debtor "had a small amount of money in a savings account, though these funds are exempt as unemployment." Counsel for Edison informed counsel for Capital One that it had not withheld any funds from the judgment debtor's account since "all funds in the subject account are, and have been since service of the garnishment summons, unemployment compensation that is electronically deposited." Counsel for Capital One asked Edison to provide full and complete responses to the interrogatories, but Edison did not amend its response.

Capital One filed a motion to compel Edison to fully answer the interrogatories. Edison opposed the motion on the ground that its answer—that the funds on deposit were exempt—sufficiently responded to the query into whether it had any property of the judgment debtor in its possession at or after the service of the garnishment and, if so, its value. The circuit court ordered Edison to provide full and complete answers. Edison filed answers stating that, when served, it held funds totaling $729.75.

Upon learning the amount of the funds in Edison's possession when it was served, Capital One requested that the circuit

court either order Edison to pay the garnished funds into court or enter judgment against Edison for the amount that it should have withheld. Capital One excepted to Edison's garnishment interrogatory answers on the ground that the account held funds and the judgment debtor filed no claims of exemption. Edison's response admitted that it no longer possessed the funds that were in the judgment debtor's account when the sheriff served Edison with the garnishment.

As a result of that admission, Capital One sought summary judgment against Edison on Capital One's exceptions. Edison admitted all of the facts recited by Capital One. It opposed the motion on the ground that it considered the funds in the judgment debtor's account to be exempt from attachment so it believed that the presumed exemption justified it in paying the funds to the judgment debtor. Capital One argued that Edison lacked standing to claim an exemption on behalf of the judgment debtor and that Edison therefore lacked justification for paying the funds to the judgment debtor.

The circuit court denied Capital One's motion for summary judgment and entered judgment for Edison on Capital One's motion and exceptions. The circuit court also denied Edison's request for attorneys' fees. Both Capital One and Edison appeal.

In its appeal, Capital One asserts that Edison lacked standing to claim that a judgment debtor's unemployment benefits were exempt by law from garnishment. Capital One contends that Edison was required by law, when served with a garnishment, to seize the funds belonging to the judgment debtor and to pay the funds into court unless the court or the sheriff released the garnishment. We disagree.

Section 525.080.2, RSMo 2000, specifically provides that when property is protected from garnishment by state or federal law, "such property need not be delivered to the court by the garnishee to the extent such protection or preemption is applicable." Pursuant to sections 513.430.1(10)(a), RSMo Cum.Supp.2008, and 288.380.11(1), RSMo Cum.Supp.2008, unemployment compensation is protected from garnishment by state law. Section 513.430.1(10)(a) says: "The following property shall be exempt from attachment and execution to the extent of any person's interest therein: ... Such person's right to receive ... unemployment compensation[.]" Section 288.380.11(1) says:

> Any assignment, pledge, or encumbrance of any rights to [unemployment] benefits which are or may become due or payable pursuant to this chapter shall be void; and such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and benefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts except debts incurred for necessaries furnished to such individual or the individual's spouse or dependents during the time such individual was unemployed. Any waiver of any exemption provided for in this subsection shall be void[.] [1]

Thus, to allow garnishment of a judgment debtor's unemployment compensation would be contrary to the express prohibi-

---

1. We note that section 288.380.11(1) is clear that the exemption for unemployment benefits cannot be waived. Thus, to the extent that Capital One asserts that a judgment debtor's failure to claim the exemption results in a loss of the exemption, we are not persuaded. Such an argument is contrary to the express language of section 288.380.11(1).

tions within sections 513.430.1(10)(a), and 288.380.11(1).

The issue in this case is whether the judgment debtor must assert the exemption of the unemployment compensation from garnishment or whether the garnishee may assert the defense on behalf of the judgment debtor. A garnishee does not have an obligation to assert a defense on behalf of a judgment debtor, *Pinkstaff v. Hill*, 827 S.W.2d 747, 750 (Mo.App.1992), but it may do so if it chooses.[2] Indeed, in *Baden Bank of St. Louis v. Trapp*, 180 S.W.2d 755, 759 (Mo.App.1944), the court held that the garnishee bank could "elect to settle the question [concerning the ownership of funds] for itself, and may make the defense in the garnishment proceeding[.]" A garnishee, however, who takes a position regarding whether or not assets in its position is subject to garnishment, does so at its own peril. *Id.* If a garnishee incorrectly asserts that the funds are not subject to garnishment, the court may enter judgment against the bank. *Potter v. Whitten*, 170 Mo.App. 108, 155 S.W. 80 (1913). As this court's Southern District noted in *Board of Regents for Southwest Missouri State University v. Harriman*, 857 S.W.2d 445 (Mo.App.1993):

> "It is the duty of a garnishee to stand neutral in the litigation over the fund in his hands, to disclose all the information it has concerning the fund to the court, and to hold the fund in readiness to abide by the decision of the court. When he follows this course, he is entitled to the fullest protection; but when the garnishee ... abandons his position as stakeholder and takes up the role of a litigant to such an extent that he pays out the fund to one of the parties and takes, in place of the fund, the chance of defeating the plaintiff, he must be content to accept the outcome of the battle fought out on the field he has chosen."

*Id.* at 451 (quoting *Potter*, 155 S.W. at 88).

In this case, Edison asserted that the funds in the judgment debtor's bank account were unemployment compensation and were not subject to garnishment. In refusing to pay the funds into court and by paying the funds to the judgment debtor, Edison assumed the risks that its decision may be wrong. This is especially true because unemployment benefits are not absolutely exempt from seizure. Section 288.380.11(1) says:

> [Unemployment b]enefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts except debts incurred for necessaries furnished to such individual or the individual's spouse or dependents during the time such individual was unemployed.

Thus, pursuant to section 525.080.2, Edison had the right to assert that the money sought to be garnished was protected from garnishment because the money was the judgment debtor's unemployment compensation, and Edison was not obligated to pay the funds into the court, absent a court order.[3] As set forth in section

---

2. We acknowledge that generally speaking "exemptions are personal rights" and generally should not be a garnishee's concern. *Rusk v. Rusk*, 859 S.W.2d 751, 754 (Mo.App. 1993). In this case, Edison was not merely asserting an exemption on behalf of the judgment debtor; it was asserting that it was prohibited from withholding the funds from the judgment debtor because the funds were exempt by law.

3. Rule 90.10(a) says:
 If the garnishee admits in its answers to interrogatories that any property subject to garnishment is in the garnishee's possession, the garnishee, without further order of the court, shall pay or deliver such property

525.080.2, property that is protected from garnishment by state law need not be delivered to the court "to the extent such protection or preemption is applicable." If, however, Edison was wrong in its conclusion that the funds were not subject to garnishment, the court could have entered judgment against Edison. Capital One, however, never claimed that the funds at issue were funds other than unemployment benefits; that the funds were commingled with other debts; or that the debt owed to Capital One was for necessaries furnished to the judgment debtor, his spouse, or dependents during the time that the judgment debtor was unemployed. The circuit court, therefore, did not err in entering judgment in favor of Edison on Capital One Bank's Exception to Garnishee's Interrogatory Answers.

In its cross-appeal, Edison asserts that the circuit court erred in denying its motion for attorneys' fees and expenses. Edison asserts that the award of attorneys' fees and expenses is not discretionary in this case because the garnishor did not obtain a judgment against the garnishee. We disagree.

 Section 525.240, RSMo 2000, says:

> If any plaintiff in attachment shall cause any person to be summoned as garnishee, and shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff, and the court shall render judgment in favor of such garnishee, against the plaintiff, for a sum sufficient to indemnify him or her for his or her bona fide time and expenses including actual employee costs, and reasonable attorney's fees, in preparing, attending and answering and defending in subsequent proceedings as garnishee.

Rule 90.12(b) says:

> If the garnishor files exceptions to the garnishee's interrogatory answers but does not obtain a judgment against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor. The court in such a case shall render judgment in favor of the garnishee and against the garnishor for an amount sufficient to indemnify the garnishee for time and expenses, including attorney's fees.

Edison is correct that this rule providing for award of all costs attending garnishment, including attorneys' fees, to a prevailing garnishee is not discretionary. *A & L Underground, Inc. v. Leigh Constr., Inc.*, 162 S.W.3d 509, 511 (Mo.App.2005). Section 525.240 and Rule 90.12(b), however, award the garnishee the "costs attending such garnishment" only and do not award the garnishee costs when a garnishee abandons its neutrality and goes beyond costs normally attending such garnishment. Indeed, in *Ferneau v. Armour & Co.*, 303 S.W.2d 161, 169 (Mo.App.1957), the court said:

> A garnishee may claim an allowance for expenditures paid or incurred on appeal if the plaintiff in attachment fails to recover judgment against garnishee. Section 525.240 RSMo 1949, V.A.M.S.; *Gabler v. Continental Casualty Compa-*

---

into court no later than ten days after the return date of the writ of garnishment or levy. Timely payment or delivery of such property into court thereby discharges the garnishee from further liability on account of the property subject to garnishment so paid or delivered.

Unemployment benefits, however, are protected from garnishment by state law and "need not be delivered to the court by the garnishee to the extent such protection or preemption is applicable." Section 525.080.2.

*ny,* 295 S.W.2d 194 [ (Mo.App.1956) ], and cases cited loc. cit. 198. But where garnishee contests the denial of garnishee's answer, claims exemptions for the debtor, and denies the jurisdiction of the court garnishee can no longer be classified as a mere stakeholder but becomes a litigant and, having lost, is not entitled to indemnity for attorneys' fees, costs and expenses. *Tombs v. Moore,* 64 Mo. App. 667 [ (1896) ]; *Simmons v. Missouri P.R. Co.,* 19 Mo.App. 542 [ (1885) ]; *Locke v. Woodman,* 210 Mo.App. 90, 240 S.W. 498 [ (1922) ]. "All the trouble and expense he suffered in this proceeding were due to his resistance of plaintiff's demand, and he and not plaintiff must bear the loss." *Cope v. Shoemate,* 139 Mo.App. 4, 119 S.W. 503, 505 [ (1909) ], loc. cit. 8.

Thus, where a garnishee asserts that funds held by it on behalf of a judgment debtor are exempt from garnishment, a trial court correctly denies the garnishee an award of attorneys' fees even if the court allows the funds to be exempt. In this case, Edison became the litigant by claiming the exemption of unemployment benefits for the judgment debtor. Its representation and assertion of the exemption on behalf of the judgment debtor went beyond the "costs attending such garnishment." The circuit court, therefore, did not err in denying Edison's request for attorneys' fees.

Edison also filed a motion for attorneys' fees and costs incurred on appeal with this court. In light of our disposition of this case, we deny Edison's motion.

We affirm the circuit court's judgment.

All concur.