PER CURIAM.
Elizabeth “Betsy” Booth, the former wife, appeals an order granting rehearing of an attorney’s fee order entered by a predecessor judge which had denied a motion for attorney’s fees and costs filed by Michles & Booth, P.A., (M & B) a nonparty and a law firm in which Rainey C. Booth, the former husband, held an interest. The order under review vacated the order of the predecessor judge. Because we conclude that the order under review is not based upon competent substantial evidence, we hold that the trial court abused its discretion in entering the order and reverse.
The parties’ marriage was dissolved in January 2011. In the dissolution proceeding, the former wife sought to compel production of information from M & B, claiming that the former husband’s interest in the law firm constituted a marital asset. The law firm filed an objection to the notice of production from nonparty and motion for protective order. M & B contended that evidence had been produced in the dissolution proceeding which established that the former husband had not owned any equity interest in the law firm since January 1, 2005. After a hearing, the trial court determined that the former husband’s ownership interest in the law firm had ceased as of January 1, 2005.
M & B then filed a motion for attorney’s fees arguing that it had “incurred reasonable expenses in defending [former wife’s] Motion to Compel and, pursuant to Rule 1.380(a)(4) of Florida Rules of Civil Procedure, is entitled to attorney fees and costs for prevailing on its Motion for Protective Order.” At the hearing on this motion, Marcus J. Michles, II, representing M & B, responded affirmatively when the predecessor judge inquired whether the issue of the reasonableness of the fee was before the court as well as the issue of entitlement to a fee. Thereafter, because M & B failed to present the evidence necessary to establish the reasonableness of the fee requested, the predecessor judge denied the motion stating: “The dispositive issue before the Court is whether the reasonableness of the fees asserted have been established. They were not.”
M & B filed a motion for rehearing, arguing that it was under the erroneous impression the court would be addressing the reasonableness of the amount of attorney’s fees in a separate and subsequent hearing. A hearing was held before a successor judge. Mr. Michles did not appear. The attorney representing M & B at the hearing asserted that it was Mr. Michles’ belief that it would have been useless to bring experts to prove the reasonableness of the fee until it was certain that the firm would be awarded entitlement to fees. The successor judge agreed that there had been a misunderstanding at *274 the hearing before the predecessor judge and “[f]or that reason, Michles & Booth was not fully prepared to address the amount of its fee after [the predecessor judge] ruled in its favor on the issue of entitlement. Accordingly, equity requires a new hearing.” This court treated the order of the successor judge as one granting a new trial and this appeal proceeded pursuant to Florida Rule of Appellate Procedure 9.110(a)(4).
In Groover v. Walker, 88 So.2d 312 (Fla.1956), the Florida Supreme Court held that it was error for a successor judge on unchanged facts to enter an order vacating the final decree of the predecessor judge. Specifically, the court relied upon the general rule that “[a] successor judge generally cannot review, modify, or reverse, upon the merits, on the same facts, the final orders of his predecessor unless there exists some special circumstances such as mistake or fraud perpetrated on the court.” Id. at 314 (quoting 33 C.J. Judges § 104 (p. 973)).[1]
The record does not contain competent substantial evidence of any special circumstances such that it was permissible for the successor judge to vacate the final order of his predecessor. When a party seeking fees does not make the requisite showing at the evidentiary hearing, the party will not be entitled to a second bite of the apple at a second evidentiary hearing so that the party can submit new proof. Grapski v. City of Alachua, 37 Fla. Law Weekly D1034, D1035 (Fla. 1st DCA April 27, 2012). Finally, we agree with appellant that the comments of the attorney representing M & B at the second hearing did not constitute evidence. The attorney’s unsworn statements do not constitute facts in the absence of a stipulation. H.K. Dev., LLC v. Greer, 32 So.3d 178, 181, n. 4 (Fla. 1st DCA 2010).
REVERSED.
VAN NORTWICK, ROBERTS, and MARSTILLER, JJ., concur.

. The power to vacate or modify is different with respect to a predecessor’s interlocutory rulings. Hull & Company, Inc. v. Thomas, 834 So.2d 904, 905 (Fla. 4th DCA 2003) (‘‘[PJrior to final judgment, a successor judge has the power to vacate or modify a predecessor’s interlocutory rulings, such as an order on a motion for summaiy judgment.”).