# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-3029

———————————————

BERTA CANTERA CHAVIANO and
TONI L. VILLAVERDE,

      Petitioners,

      v.

GREATER MIAMI CATERERS, INC.,
d/b/a Master Host, et al.,

      Respondents.

———————————————

Petition for Writ of Prohibition—Original Jurisdiction.

June 22, 2018

WINOKUR, J.

Petitioners, a worker's compensation claimant and her attorney, seek a writ of prohibition to disqualify a Judge of Compensation Claims (JCC) in three different workers' compensation cases. We dismiss the petition as moot.

In one case, the JCC entered an order denying a motion for disqualification as legally insufficient. Petitioners then filed this petition for writ of prohibition, seeking the JCC's disqualification. This Court then stayed proceedings below. *See* Fla. R. App. P. 9.100(h). The JCC left the bench before this Court ruled on this petition. The JCC did not rule on the motions to disqualify in the two other cases before he left.

After the JCC left office, Petitioners filed a motion for clarification as to the extent of this Court's stay. In the motion, Petitioners state that a new JCC was appointed, and that the issue of the prior JCC's refusal to grant Petitioners' motion for disqualification is now moot. As a result, this Court ordered Petitioners to show cause why it should not dismiss this action as moot.

In their response, Petitioners repeated a list of complaints about the prior JCC's actions and how they allegedly demonstrated bias against the claimant. Petitioners requested "clarification amounting to reversal as to JCC's denial of his recusal as to the matter and not just a dismissal as moot," and requested this Court to "remand the matter to the newly appointed judge to preside over this matter *de novo* so that all perceptions of bias and taint is removed for good."

It is difficult to understand Petitioners' position. In their motion for clarification, Petitioners asserted that the issue regarding the prior JCC's refusal to disqualify himself is moot. This is correct and should end the inquiry. *See James Mitchell & Co. v. Gallagher*, 651 So. 2d 700, 701 (Fla. 1st DCA 1995) (holding that motion to disqualify an official is moot when the official is no longer in office). The fact that the prior JCC will no longer preside over Petitioners' cases renders a petition to disqualify him unnecessary.

However, Petitioners also ask this Court to reverse all of the prior JCC's interlocutory orders upon which they base their claims of bias. Because a writ of prohibition is preventative, not corrective, it should not be used as a substitute for an appeal. *See generally Sparkman v. McClure*, 498 So. 2d 892 (Fla. 1986); *S. Records & Tape Serv. v. Goldman*, 502 So. 2d 413 (Fla. 1986). The current JCC is not bound by orders of the prior JCC. *See Booth v. Booth*, 91 So. 3d 272, 274 n.1 (Fla. 1st DCA 2012) (holding that "[p]rior to final judgment, a successor judge has the power to vacate or modify a predecessor's interlocutory rulings") (quoting *Hull & Co. v. Thomas*, 834 So. 2d 904, 905 (Fla. 4th DCA 2003)); *Strominger v. AmSouth Bank*, 991 So. 2d 1030, 1034 (Fla. 2d DCA 2008) (holding that "a nonfinal or temporary order may be revisited by a judge at any time before the conclusion of the case, even by a successor judge"). An incorrect ruling may serve

2

as a basis for appeal. For this reason, a writ of prohibition is inappropriate to require the current JCC to revisit orders of the prior JCC, and such action would be beyond the scope of the petition.

DISMISSED.

WETHERELL and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Toni L. Villaverde of Toni L. Villaverde, PLLC, Coral Gables, for Petitioners.

Wendy E. Knecht of Miller, Kagan, Rodriguez and Silver, P.L., West Palm Beach, for Respondents.