# Third District Court of Appeal

## State of Florida

Opinion filed April 4, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0585
Lower Tribunal No. 22-20009-FC-04
_____

**Gonzalo Bouquet,**
Petitioner,

vs.

**Joanna Jones,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Gonzalo Bouquet, in proper person.

Filler Rodriguez, LLP, and Catherine M. Rodriguez, for respondent.


Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

In this contentious child custody dispute, petitioner, Gonzalo Bouquet, seeks a writ of prohibition to prevent the assigned trial judge and the predecessor judge from further presiding over his case and void several previously rendered orders.  Both trial judges deemed the respective disqualification motions legally insufficient.  Having reviewed the motions, we are compelled to agree.  Petitioner cites only a series of adverse rulings and a requirement that certain participants in the proceedings appear live in person, rather than remotely via the Zoom videoconferencing platform.  "[A]dverse rulings, without more, do not constitute the requisite bias or prejudice necessary to support disqualification."  See John Young Song v. State, 338 So. 3d 984, 984 (Fla. 3d DCA 2022).  Further, it is within the domain of the trial court to "exercise reasonable control over the mode and order of the interrogation of witnesses and the presentation of evidence, so as to . . . [f]acilitate, through effective interrogation and presentation, the discovery of the truth."  § 90.612(1)(a), Fla. Stat. (2025); see also Ketterson v. Est. of Bruns, 711 So. 2d 613, 614 (Fla. 4th DCA 1998).  As to the request to void orders, we reiterate that a writ of prohibition is preventative, not corrective, and may not be used as a substitute for appeal.  Chaviano v. Greater Mia. Caterers, Inc., 254 So. 3d 1047, 1048 (Fla. 1st DCA 2018).

Petition denied.